United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2006**

Charles R. Fulbruge III
Clerk

REVISED

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-20989

---

DWAYNE ROSS; MARIA ROSS, individually and as next friend of
Sydney Ross and Johnathon Ross, minor children; SYDNEY ROSS,
minor child; JOHNATHON ROSS, minor child,
                                    Plaintiffs - Appellees,

versus

MATTHEW CURTIS MARSHALL; ET AL,
                            Defendants,

ALLSTATE TEXAS LLOYDS INSURANCE CO.,
                            Movant - Appellant.

---

Appeals from the United States District Court
For the Southern District of Texas

---

Before HIGGINBOTHAM, DAVIS, and GARZA, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The Rosses ask us to reconsider our decision allowing Allstate Texas Lloyds Insurance Company to intervene to challenge on appeal an adverse liability judgment entered against its insured, Kent Mathews. The Rosses contend that Allstate does not have a sufficient interest in the underlying litigation under Federal Rule of Civil Procedure 24(a). We disagree.

The interest required to intervene as of right is a "direct" interest.[1] By definition, an interest is not direct when it is

contingent on the outcome of a subsequent lawsuit.[2]  An insurer who defends its insured under a full reservation of rights provides a defense in the liability action, but reserves the right to contest coverage later.[3]  When an insurer defends under a full reservation of rights, their interest in the liability lawsuit is contingent upon the outcome of the coverage lawsuit.  That interest, without more, is insufficient for intervention.

But that is not the case here.  To be sure, Allstate initially defended Kent Mathews under a full reservation of rights.  Allstate denied coverage over Kent's negligence on the basis of a line of cases from our Court that held that the term "occurrence" in an insurance policy did not cover the insured's negligence, when that negligence was premised on the intentional conduct of the insured's servant.[4]  That argument was abandoned after the Texas Supreme Court's decision in *King v. Dallas Fire Insurance Company*.[5]  There, the Texas Supreme Court rejected the Fifth Circuit's approach,

----

[1]Fed. R. Civ. Proc. 24(a); *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc).

[2]*See Restor-A-Dent Dental Labs, Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871 (2d Cir. 1984); *Travelers Indemnity Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989).

[3]*See Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 445 (5th Cir. 1991).

[4]*See, e.g.*, *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 371-73 (5th Cir. 1998) (holding that "occurrence" in insurance policy did not include negligent supervision claim against church official for alleged intentional sexual misconduct of employees).

[5]*See* Intervenor-Appellant Allstate Texas Lloyds Insurance Company's Response to Petition for Rehearing *En Banc*, at 3 n.2.

instead interpreting the term "occurrence" to include coverage for an insured's negligence, even when premised on the intentional conduct of the insured's servant.[6]  From that point on, Allstate defended Kent Mathews under a limited reservation of rights, accepting coverage for any negligent conduct while denying coverage for any intentional conduct.[7]  Once Allstate accepted coverage over any negligence liability on the part of Kent Mathews, they had a direct interest in the liability lawsuit.  Regardless of whether, in this case, Allstate's interest was sufficient to intervene without the acceptance of coverage, the interest was sufficient with it.

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED.  No member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc (Fed. R. App. P. and 5th Cir. R. 35), the Petition for Rehearing En Banc is also DENIED.

---

[6]*King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 188 (Tex. 2002).

[7]*See* Intervenor-Appellant Allstate Texas Lloyds Insurance Company's Response to Petition for Rehearing *En Banc*, at 2-3.