United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2006

Charles R. Fulbruge III
Clerk

REVISED NOVEMBER 9, 2006

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51181

_____

DOROTHY BURNLEY
Plaintiff-Appellee

versus

CITY OF SAN ANTONIO
Defendant-Appellant

_____

Appeal from the United States District Court for
the Western District of Texas

_____

Before DAVIS, SMITH, and DENNIS, Circuit Judges.[*]

DENNIS, Circuit Judge:

Dorothy Burnley brought suit in Texas state court

---

[*] This revised opinion supersedes, without substantive change, the original version issued on September 15, 2006, in the following limited respect: New footnote one is added to call attention to the Supreme Court's recent decisions explaining the proper usage of the term "jurisdictional" in certain contexts. Accordingly, the other footnotes have been renumbered but not otherwise altered. These revisions do not change the substance, analysis or effect of our decision, and we have not reopened the case.

1

against her employer, the City of San Antonio ("the City"), asserting claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213, the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.051, and Texas negligence law. She alleged that the City failed to reasonably accommodate her disability and that the City's negligence caused her mold-induced respiratory illness. The City removed the case to federal court, and, after a trial, a jury returned a general verdict accompanied by interrogatories in Burnley's favor, awarding her $165,000 in compensatory damages. The clerk prepared a judgment incorporating the substance of the jury verdict and entered it in the civil docket on February 2, 2004. The court did not approve the form of the judgment before it was entered by the clerk. Burnley filed a motion for attorney's fees on February 10, 2004.

Several months later, on September 16, 2004, the district court granted Burnley's motion for attorney's fees, awarding her $31,530. On October 18, 2004, the City moved the district court to: (1) order under FED. R. CIV. P. ("FRCP") 58(c)(2) that Burnley's motion for attorney's

2

fees have the same effect under FED. R. APP. P. ("FRAP") 4(a)(4) as a timely motion under FRCP 59; and (2) approve the form of a separate document judgment, entered by the clerk, incorporating the jury verdict. The court granted both motions on October 18, 2004. Also on October 18, 2004, the clerk entered the judgment approved as to form by the court, and the City filed a notice of appeal.

Thus, the time line unfolded as follows:

(1) February 2: Jury verdict; clerk's entry of judgment; no court approval.

(2) February 10: Plaintiff moved for attorney's fees under FRCP 54(d)(2).

(3) July 2: 150 days elapsed after clerk's entry of judgment on the verdict.

(4) September 16: Plaintiff's fee motion granted.

(5) October 18: Defendant filed, and court granted, FRCP 58 (c)(2) motion to treat fee motion as FRCP 59 new trial motion to delay running of time to appeal.

(6) October 18: Court approved the form of the judgment on the merits entered by the clerk on February 2, 2004.

(7) October 18: Defendant filed notice of appeal.

I.

Burnley objects to our exercise of appellate jurisdiction, contending that the City did not file a timely notice of appeal. FRAP 4(a)(1)(A) provides: "In a civil case except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." The taking of an appeal within the prescribed time is "mandatory and jurisdictional."[1] Budinich v. Becton

---

[1] The Supreme Court recently clarified that it has been "less than meticulous" in its use of the word "jurisdictional" to characterize the requirement of taking an appeal within the prescribed time. Eberhart v. United States, -- U.S. ----, 126 S.Ct. 403, 405 (2005)(discussing FED. R. CRIM. P. 33 and 35)(quoting Kontrick v. Ryan, 540 U.S. 443, 454 (2004)). Such rules are more properly called "claim processing" rules, while the label "jurisdictional" should be reserved "only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." Eberhart, 126 U.S. at 405 (quoting Kontrick, 540 U.S. at 455). Nevertheless, when an appellee properly objects to an untimely filed appeal (as did Ms. Burnley), the court's duty to dismiss the appeal is just as mandatory as if the rule were jurisdictional. See Eberhart, 126 U.S. at 406-7 (when a party objects to a filing as untimely under the rules of procedure, "the court's duty to dismiss the appeal [is] mandatory") (discussing United States v.

4

Dickinson & Co., 486 U.S. 196, 203 (1988)(citing FRAP 2, 3(a), 4(a)(1), 26(b); United States v. Robinson, 361 U.S. 220 (1960); Farley Transp. Co. V. Santa Fe Trail Transp. Co., 778 F.2d 1365 (9th Cir. 1985)); see Moody Nat. Bank of Galveston v. GE Life and Annuity Assur. Co., 383 F.3d 249, 250 (5th Cir. 2004) ("A timely filed notice of appeal is an absolute prerequisite to this court's jurisdiction."); Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, n.1 (5th Cir. 1998);). The Advisory Committee's Note under FRAP 3 states:

> Rule 3 and Rule 4 combine to require that a notice of appeal be filed with the clerk of the district court within the time prescribed for taking an appeal. Because the timely filing of a notice of appeal is 'mandatory and jurisdictional,' compliance with the provisions of those rules is of the utmost importance.

FRAP 3 advisory committee's note (quoting Robinson, 361 U.S. 220, 224 (1960)). Although FRAP 2 provides that a court of appeals may, "to expedite its decision or for other good cause[,] suspend any provision of these rules in a particular case," FRAP 26(b) forbids a court to "extend the time to file . . . a notice of appeal (except

Robinson, 361 U.S. 220, 229-30 (1960)).

as authorized in rule 4)." Therefore, under the rules, we may not hear a case unless we can say that the notice of appeal has been filed within the time constraints laid upon us by FRAP 4. The Advisory Committee's view that the time for filing a notice of appeal requirement of FRAP 4 is jurisdictional, "although not determinative, is 'of weight' in our construction of the Rule." Torres v. Oakland Scavenger Co. 487 U.S. 312, 316 (1988) (quoting Miss. Publ'g Corp. v. Murphree, 326 U.S. 438, (1946)).

In the present case, because the City filed its notice of appeal on October 18, 2004, over seven months after the clerk entered the judgment in the civil docket on February 2, 2004, it appears that the City's appeal was late. The City argues, however, that: (1) the clerk's entry was a nullity and therefore did not cause the time for appeal to commence; or, in the alternative, (2) under the district court's order of October 18, 2004, the plaintiff's post-judgment motion for attorney's fees must be treated as having the same effect as a motion for a new trial, i.e., as delaying the effectiveness of the entry of judgment until the court disposed of the motion

6

on September 16, 2004, resulting in the October 18, 2004 notice of appeal being timely because it was within 30 days of the entry of judgment.

## II.

The City first argues that the notice of appeal clock never began to run because the clerk's entry of judgment on February 2, 2004 was invalid due to the court's failure to approve of that judgment as to form, as required by FRCP 58(a)(2)(B)(i). To address this argument, we turn to FRCP 58 and FRAP 4, which contain definitions of "entry" and "time of entry" of judgments.[2]

---

[2] FRCP 58 provides, in pertinent part:
(a) Separate Document.

(1) Every judgment and amended judgment must be set forth on a separate document, but a separate document is not required for an order disposing of [certain motions under Rules 50(b), 52(b), 54, 59, and 60].

(2) Subject to Rule 54(b):

    (A) unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:

        (i) the jury returns a general

verdict,

       (ii) the court awards only costs or a sum certain, or

       (iii) the court denies all relief;

    (B) the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:

       (i) the jury returns a special verdict or a general verdict accompanied by interrogatories, or

       (ii) the court grants other relief not described in Rule 58(a)(2).

(b) Time of Entry. Judgment is entered for purposes of these rules:

(1) if Rule 58(a)(1) does not require a separate document, when it is entered in the civil docket under Rule 79(a), and

(2) if Rule 58(a)(1) requires a separate document, when it is entered in the civil docket under Rule 79(a) and when the earlier of these events occurs:

    (A) when it is set forth on a separate document, or

    (B) when 150 days have run from entry in the civil docket under Rule 79(a).

Similarly, FRAP 4, provides, in relevant part:

(a) Appeal in a Civil Case.

. . . .

(7) Entry Defined.

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58(a)(1) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a); or

(ii) if Federal Rule of Civil Procedure 58(a)(1) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a)(1) does not affect the

Both FRCP 58 and FRAP 4 were amended in 2002 to provide, together with FRCP 79, an integrated system fostering promptness, accuracy, certainty and finality in the entry of judgments by district courts. FRCP 58 and FRAP 4 establish the "entry of judgment" by the district court as the triggering event for the beginning of tolling periods for the filing of notices of appeals and post-judgment motions. Under FRCP 58, in the case of specified uncomplicated orders, verdicts and judgments, judgment is deemed entered by the court when the clerk makes an entry of it under FRCP 79(a) showing its nature and substance in the civil docket. See FRCP 58(a)(2)(A), (b)(1). In the case of certain more complicated verdicts and other grants of relief, judgment is deemed entered by the court when the earlier of two events occurs: (1) when it is set forth on a separate document approved by the court and entered under FRCP 79(a); or (2) when 150 days have run from the clerk's entry of its nature and

---

validity of an appeal from that
judgment or order.

substance under Rule 79(a). See FRCP 58(a)(1), (a)(2)(B), (b)(2); see also FRAP 4(a)(7)(B) (noting that a failure to set forth a judgment on a separate document does not affect the validity of an appeal from that judgment).

In applying these provisions to the case at hand, it is important to note that FRCP 79(a) authorizes and requires the clerk to make entries of all "orders, verdicts and judgments" and the "substance of each order or judgment of the court."[3] Thus, even when the court fails to promptly approve the form of a separate document judgment under FRCP 58(a)(2)(B), as in the present case, the clerk is required and authorized to make such an entry. Further, when the court fails to promptly approve

---

[3] FRCP 79, in pertinent part, provides:

"The clerk shall keep a book known as "civil docket" . . . and shall enter therein each civil action to which these rules are made applicable. . . . All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket. . . . These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. . . ."

11

a judgment as required by Rule 58(a)(2)(B), the rules require that if the court subsequently approves the form of a separate document judgment before 150 days have run from the clerk's initial entry in the civil docket under Rule 79(a), the judgment set forth on a separate document approved by the court shall be entered in the civil docket by the clerk and will supplant the clerk's initial entry pertaining to that judgment. See FRCP 58(b)(2)(i); 16A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3950.1 (3d ed. Supp. 2006) ("[T]he deadlines in Rule 4(a)(1) will begin to run 150 days after the judgment or order is entered in the civil docket (or when the judgment or order is actually set forth on a separate document, if that occurs before the 150th day).").

In the present case, because the jury returned a general verdict accompanied by interrogatories, FRCP 58(a)(2)(B)(i) required that the court promptly approve the form of the judgment in a separate document, and that it be promptly entered by the clerk. The court failed to promptly approve the form of the judgment at that time. Nonetheless, the clerk, under FRCP 79(a), promptly made

12

an entry in the civil docket in the form of a judgment on the verdict showing the nature and substance of the verdict in Burnley's favor against the City. Accordingly, under FRCP 58(b)(2)(B), when 150 days had run from the clerk's entry in the civil docket under FRCP 79(a), the clerk's entry by law constituted the entry of judgment of the court for purposes of FRCP 58 and other Federal Rules. Because the clerk's entry under FRCP 79(a) was recorded on February 2, 2004, the entry of judgment of the court 150 days later fell on July 2, 2004.[4] Thus, the City of San Antonio's notice of appeal, filed on October 18, 2004, was filed more than 30 days after the entry of the judgment of the court and was not timely under FRAP 4(a)(1)(A).

The City acknowledges that its notice of appeal was not filed within 180 days (150 days under the cap plus

---

[4] As we explain in part III, infra, Burnley's filing of her motion for attorney's fees on February 10, 2004 did not have the effect of delaying or resetting the date of the entry of judgment, because the City did not move to have her motion treated as a Rule 59 motion until after its time for appealing the judgment on the merits had run and the judgment had become definitive and unappealable.

the subsequent 30 days in which to appeal) after the clerk entered the judgment on the jury verdict in the civil docket on February 2, 2004. The City argues, however, that the clerk's entry of judgment was invalid because the court did not approve its form. The City relies heavily on the language of FRCP 58(a)(2)(B)(i), which requires that "the court must promptly approve the form of the judgment, which the clerk must promptly enter, when . . . the jury returns . . . a general verdict accompanied by interrogatories." The City contends that because the court did not approve of the form of the judgment that the clerk entered in favor of Burnley, and because the verdict was not simply a general verdict for which the clerk is required to promptly prepare, sign, and enter a judgment, the clerk was not authorized to enter anything in respect to Burnley's verdict in the civil docket. Therefore, the City reasons, the clerk's entry in the civil docket was a nullity for purposes of Rule 58 and could not mature into an entered judgment upon the passage of 150 days. Consequently, the City concludes, there was no entry of judgment until the

14

City moved for and obtained the court's approval of a separate document judgment on October 18, 2004. Accordingly, the City contends, its notice of appeal filed on October 18, 2004 was timely and this court has appellate jurisdiction.

The language upon which the City relies, however, must be read in the context of other pertinent provisions of the Federal Rules described and quoted above, and in light of the history, purpose and design of the 2002 amendments, as explained in the Advisory Committee Notes.[5] According to the Advisory Committee, FRCP 58(a) and FRAP 4(a)(7)(4), as amended in 2002, are designed to, <u>inter alia</u>, work in conjunction with each other "to ensure that appeal time does not linger on indefinitely." FRCP 58 advisory committee note (2002 Amendments). In fact, the City's appeal in the present case raises the identical question that the drafters addressed in resolving a circuit split with the 2002 amendments: "When a judgment or order is required to be set forth on a separate

---

[5] <u>See</u> FRCP 58(a), (b); FRCP 79(a); FRAP 4(a)(7); FRCP 58 advisory committee notes (2002 Amendments); FRAP 4 advisory committee notes (2002 Amendments).

15

document under FED. R. CIV. P. 58 but is not, does the time to appeal the judgment or order — or the time to bring post-judgment motions, such as a motion for a new trial under FED. R. CIV. P. 59 — ever begin to run?" FRAP 4 advisory committee notes (2002 Amendments). Among the circuits, the First Circuit alone had held that parties will be deemed to have waived their right to have a judgment or order entered on a separate document three months after the judgment or order is entered in the civil docket. Id. (citing Foire v. Washington County Cmty. Mental Health Ctr., 960 F.2d 229, 236 (1st Cir. 1992)). Although a majority of the circuits had rejected this "cap" as contrary to the relevant rules, the Advisory Committee noted that "no court has questioned the wisdom of imposing such a cap as a matter of policy." Id. Therefore, the drafters of the 2002 amendments decided to impose the 150-day cap provided for by FRCP 58(b)(2)(B) to determine the date of entry of the judgment when the court fails to perform its duty to approve a separate document judgment. The Advisory Committee Notes to FRAP 4's 2002 Amendments state:

> Both Rule 4(a)(7)(A) and Fed. R. Civ. P. 58 have been amended to impose such a cap. Under the amendments, a judgment or order is generally treated as entered when it is entered in the civil docket pursuant to FED. R. CIV. P. 79(a). There is one exception: When FED. R. CIV. P. 58(a)(1) requires the judgment or order to be set forth on a separate document, that judgment or order is not treated as entered until it is set forth on a separate document (in addition to being entered in the civil docket) or until the expiration of 150 days after its entry in the civil docket, whichever occurs first. This cap will ensure that parties will not be given forever to appeal (or to bring a post judgment motion) when a court fails to set forth a judgment or order on a separate document in violation of Fed. R. Civ. P. 58(a)(1).

FRAP 4 advisory committee's note (2002 amendments) (emphasis added).

Considering all of the foregoing, we reject the City's proffered interpretation of Rule 58(a)(2)(B) and (b)(2)(B) as diametrically contrary to the text, purpose and design of the integrated system established by FRCP 58 and 79 and FRAP 4. When the jury returns a verdict, the clerk is authorized and required to enter a judgment on the verdict in the civil docket under FRCP 79(a). Rule 79(a) plainly authorizes and requires the clerk to make entries in the civil docket in respect to every order,

17

verdict and judgment, not only in respect to dispositions exempted from the separate document rule under 58(a)(2)(A). In other words, the clerk's basic authority and duty in this respect arises primarily from Rule 79(a), not simply from Rule 58(a)(2)(A). Consequently, the court's failure to promptly approve of the form of a separate document judgment as required by Rule 58(a)(2)(B) does not detract from the clerk's independent authority and duty under Rule 79(a) to promptly make the appropriate entry in the civil docket.

Equally important, the City's reading of Rule 58(a)(2)(A) would render the 150-day cap required by Rule 58(b)(2)(B) meaningless and defeat the purpose of the 2002 amendments. Under Rule 58(b)(2)(B), the cap only begins to run upon the clerk's entry of judgment in the civil docket; if the clerk cannot make a valid entry of judgment when the Court defaults on its duty, as the City contends, the cap could never begin to run in the very cases in which it was intended to apply. See FRAP 4 advisory committee note (2002 Amendments) ("This cap will ensure that parties will not be given forever to appeal

18

(or to bring a post judgment motion) when a court fails to set forth a judgment or order on a separate document in violation of FED. R. CIV. P. 58(a)(1)."); FRCP 58, advisory committee note (2002 amendments) (noting that the amendments are designed "to ensure that appeal time does not linger on indefinitely...." ); see also, 16 A CHARLES ALAN WRIGHT ET AL., supra, § 3950.2 ("[I]f the judge does nothing further in the case for 150 days, then it should occur to even the most inattentive of appellate counsel that it is time either to seek clarification from the judge or to file an appeal[,]" and noting "[i]t is obviously unfair to give a party with some notice of a judgment longer to appeal than a party with no notice of a judgment. The cap imposed by the Advisory Committee – under which the 30 (or 60) day deadline to file an appeal begins to run on the 150th day after the judgment is entered in the civil docket – puts a party who learns of a judgment that was not set forth on a separate document in roughly the same position as a party who does not learn of a judgment at all.")

For these reasons, we find the City's argument that

the clerk's entry of a judgment on the verdict on February 2, 2004 was a nullity to be without merit. Although the court did not perform its duty to promptly approve a separate document judgment, the clerk had independent authority and a duty to enter the judgment based on the verdict in the civil docket. When 150 days passed after February 2, 2004 without the filing of a separate document judgment the judgment prepared and entered by the clerk by law was entered as the judgment of the court on the merits on July 2, 2004. Because the City did not file its notice of appeal until October 18, 2004, in excess of 30 days after the entry of the judgment, it failed to file a timely notice of appeal. Accordingly, unless the City's alternate argument has merit, we lack appellate jurisdiction and must dismiss.

III

Alternatively, the City argues that even if the clerk's February 2, 2004 entry of judgment was valid, its effect as an entry of judgment under FRAP 4(a)(1)(A) was delayed until September 16, 2004, the date upon which the

20

court ruled on Burnley's attorney's fee motion. The City contends that this is so because on October 18, 2004, the City, as authorized by FRAP 4(a)(4)(iii), moved under FRCP 58(c)(2) for and obtained the court's order that Burnley's FRCP 54(d)(2) attorney's fee motion would be treated as an FRCP 59 motion for new trial so as to delay entry of judgment on the merits until the motion for attorney's fees had been ruled upon. According to the City, this delayed the entry of judgment until the date of the district court's ruling awarding Burnley attorney's fees on September 16, 2004, thus shortening the time between the entry of judgment and the notice of appeal to 30 days. In our opinion, however, the district court did not have the authority to modify the finality or effect of the judgment on the merits. That judgment was entered on July 2, 2004 and became unappealable when the City's time for appeal expired on August 2, 2004.

Because of FRAP 3 and 4's mandatory requirements pertaining to how to take an appeal and to the time for filing a notice of appeal, a court or a party seeking to extend the time to file a notice of appeal or to reopen

21

the time to file an appeal may do so only as provided for in FRAP 4. FRAP 4 provides that an extension of time to file a notice of appeal may be granted in accordance with FRAP 4(a)(5), and that the time to file an appeal may be reopened in accordance with FRAP 4(a)(6). Consequently, a court is not authorized to act outside of these provisions or to use other rules not adopted for such purposes to grant an extension or a reopening of a party's time to appeal. In the present case, of course, the City did not move for an extension or reopening of the time to appeal in the district court under FRAP 4(a)(5)or(6) and does not base any argument on them here.

Instead, the City persuaded the district court to act beyond its authority in issuing an order under FRCP 58(c)(2) on October 18, 2004 that purported to retroactively delay the finality of the judgment on the merits until September 16, 2004. Under FRCP 58(c)(2), the district court is authorized to order that a pending motion for attorney's fees have the same effect under FRAP 4(a)(4) as a timely motion under FRCP 59, if the fee

motion was timely filed and if the court acts before a notice of appeal of the merits judgment has been filed and become effective.[6] See Moody Nat. Bank of Galveston, 383 F.3d at 253. Furthermore, FRCP 58(c)(1) makes clear that the court is authorized to issue that order only for the purpose of delaying entry of judgment or extending time for appeal in order to allow the court to tax costs or award fees before the entry of judgment on the merits.

The purpose for which the court is authorized to issue such an order under FRCP 58(c)(2) is further explained by the FRCP 58 Advisory Committee's Note. It, provides, in pertinent part:

---

[6]    FRCP 58(c) provides:

(c) Cost or Fee Awards.

(1) Entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees, except as provided in Rule 58(c)(2).

(2) When a timely motion for attorney fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and has become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

23

> Ordinarily the pendency or post-judgment filing of a claim for attorney's fees will not affect the time for appeal from the underlying judgment. See <u>Budinich v. Becton Dickinson & Co.</u>, 486 U.S. 196 (1988). Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved. However, in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case. This revision permits, but does not require, the court to delay the finality of the judgment for appellate purposes under revised FED. R. APP. P. 4(a) until the fee dispute is decided. To accomplish this result requires entry of an order by the district court before the time a notice of appeal becomes effective for appellate purposes. If the order is entered, the motion for attorney's fees is treated in the same manner as a timely motion under Rule 59.

FRCP 58 advisory committee's note.

Thus, when it appears that judicial efficiency will be served, FRCP 58(c)(2) vests the court with the authority to delay the finality of the judgment on the merits until a disputed fee motion is decided, so that an appeal relating to the fee award can be heard at the same time as an appeal relating to the merits. Of course, as the Rule indicates, the court is not authorized to act under FRCP 58(c)(2) if a notice of appeal has been filed

24

and has become effective, because the district court is divested of jurisdiction upon the effectiveness of the notice of appeal and jurisdiction over the case is then vested in the appellate court. <u>Ross v. Marshall</u>, 426 F.3d 745, 751 (5th Cir. 2005), modified on other grounds on denial of rehearing, 456 F.3d 442 (5th Cir. 2006). Consequently, the purposes of the FRCP 58(c)(2) order and its objective of increased judicial efficiency cannot be served in such a case.

We conclude, therefore, that FRCP 58(c)(2), when read in context with FRAP 4(a)(4)(iii), authorizes a district court to delay the finality of a judgment on the merits only for the purpose of allowing appeals from both the merits judgment and the fee judgment to be taken at the same time.[7] Therefore, when such a delay cannot help

---

[7] FRAP 4(a)(4), in pertinent part, provides:

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motions:

. . . .

attain that purpose, the court has no reason or authority to issue such an order. Thus, when an effective appeal has already been taken from the merits judgment, as FRCP 58(c)(2) expressly notes, the court is not authorized to attempt to delay the finality of that judgment. Further, even though not expressly noted, when the motion for attorney's fees has already been decided, there is no need or authority for the court to delay the finality of the merits judgment. Finally, when the merits judgment has already become final and unappealable, a mere delay of that judgment is no longer possible, and the court lacks any authority under FRAP 4(a)(4)(iii) and FRCP 58(c)(2) to modify the finality or the effect of the merits judgment.[8]

---

> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58[.]

[8] See Mendes Junior Int'l. Co. V. Banco Do Brasil, S.A., 215 F.3d 306, 311-314 (2d Cir. 2000) ("[W]e do not interpret the rules of procedure as allowing the court to revive a losing party's right to appeal after both the original appeal period and the permissible grace period have expired. . . . [Such an] interpretation is contraindicated by the language of Rule 58, is contrary to the purpose of allowing the court to cause a Rule 54(d)(2) motion to delay the

merits appeal, and is inimical to the sanctity of final judgments, which the strict deadlines imposed by FRAP 4(a) are designed to protect. . . . We see nothing to indicate that a Rule 58/54/59 order was authorized to revive a forgone right to appeal. The language of Rule 58 is more compatible with the conclusion that a Rule 58/54/59 order is to be entered, if at all, while there remains the possibility that a notice of appeal from the judgment, independent of any Rule 58/54/59 order, could at some point become effective....[A]cceptance of [the] contention that a Rule 58/54/59 order can revive an expired right to appeal would subvert the "certainty and stability which have hitherto been considered of first importance in the appellate practice of the federal courts.") (internal citations omitted); see also 16A C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3950.3, at 136 n.5 (1999)("The provisions in [FRAP] Rule 4(a) and (b) respecting the grant of extensions after the expiration of the original appeal periods were originally developed in response to the Supreme Court's decision in Hill v. Hawes. . . . [B]y limiting the extension to 30 days, the framers of the predecessors of Rule 4(a) and (b) met the objection of the dissenters in Hill v. Hawes that granting such relief at any time after entry of judgment would disturb the finality doctrine."); see also, American Law Institute – American Bar Association Continuing Legal Education, Civil Practice and Litigation Techniques in Federal and State Courts; Draft Minutes – Civil Rules Advisory Committee, October 23-25, 2005, SL081 ALI-ABA 207, 230. (Discussing "a bizarre possibility" similar to the district court's Rule 58(c)(2) order in the present case: "[t]his reading would establish discretionary authority to revive expired appeal time long after the opposing parties had thought the case concluded. Presumably trial courts would seldom grant such orders, but any such order would run contrary to the general purposes and character of Appellate Rule 4."); cf., Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ., 360 F.3d

Accordingly, the district court exceeded its authority under FRCP 58(c)(2) in its October 18, 2004 order purporting to revive and retroactively delay the City's time to appeal from the judgment on the merits after that judgment had become final and unappealable on August 2, 2004, as well as after the district court had decided the fee motion on September 16, 2004. Consequently, the City's time to appeal expired on August 2, 2004, and therefore its October 18, 2004 notice of appeal was not timely filed.

On the other hand, the City's appeal of the award of attorney's fees was timely filed. The order awarding Burnley attorney's fees was entered on September 16, 2004. The notice of appeal filed on October 18, 2004 falls within the 30-day period of FRAP 4(a)(1)(A).[9] The

_____

604, 607 (6th Cir. 2004); Kenneth J. Servay, The 1993 Amendments to Rules 3 and 4 of the Federal Rules of Appellate Procedure – A Bridge Over Troubled Water – Or Just Another Trap?, 157 F.R.D. 587, 605 (1994).

[9] Per FRAP 26(a), the last day of the period would fall on a Saturday, so the period instead ends on the next business day that is not a Saturday, Sunday, or

ADA allows recovery of such fees under 42 U.S.C. § 12205, which provides that "[i]n any action . . . commenced pursuant to this chapter, the court[,] in its discretion, may allow the prevailing part . . . a reasonable attorney's fee and costs." We review such awards for abuse of discretion. <u>No Barriers, Inc. v. Brinker Chili's Texas, Inc.</u>, 262 F.3d 496, 498 (5th Cir. 2001). On appeal, the City's only argument is that Burnley is not entitled to recover on the merits under the ADA and is therefore not entitled to attorney's fees. As the City makes no argument that the district court has otherwise abused its discretion in awarding attorney's fees, we must affirm the district court's award.[10]

CONCLUSION

Because the City failed to timely appeal from the

___

legal holiday, <u>i.e.</u>, October 18, 2004.

[10] Burnley also seeks an award of appellate attorney's fees, but provides neither legal authority nor evidence in support of such an award. Accordingly, her argument is waived for inadequate briefing. <u>L&A Contracting Co. v. So. Concrete Servs. Inc.</u>, 17 F.3d 106, 113 (5th Cir. 1994).

judgment on the merits, we are not authorized to exercise appellate jurisdiction in respect to that judgment. Accordingly, we dismiss the City's appeal in respect to the judgment on the merits. The district court's rulings inconsistent herewith, including its ruling on the City's FRCP 58(c)(2) motion, are vacated. Because the City's appeal from the judgment awarding Burnley attorneys' fees was timely, we have exercised our appellate jurisdiction in respect to that judgment. For the reasons assigned, it is affirmed.

IT IS SO ORDERED.