United States Court of Appeals
Fifth Circuit

**F I L E D**

August 28, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-40145
Summary Calendar

ROBI FUENTES,

Plaintiff-Appellant,

versus

DIRECTV, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(7:02-CV-146)

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Robi Fuentes appeals the district court's enjoining her small-claims-court action and imposing sanctions against her attorney.

In July 2000, Fuentes filed in Texas state court a putative class action related to a DIRECTV $4.20 late-payment fee. The court granted DIRECTV's motion to stay and compel arbitration, pursuant to the Customer Agreement, in which the parties had agreed to mandatory arbitration if informal resolution of a dispute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed. In April 2002, the arbitrator found Fuentes' claim moot because the late fee had been reversed and credited to her account.

Subsequently, Fuentes filed in Texas small-claims court and then in district court, in her amended complaint, the same late-payment-fee claim raised in the earlier state-court action.

In July 2002, the district court enjoined Fuentes and her attorney from proceeding with the state small-claims-court action and compelled arbitration. The arbitrator dismissed Fuentes' claims in February 2004. Shortly thereafter, Fuentes moved in state court to vacate the arbitrator's ruling. In September 2005, the district court confirmed the 2004 arbitration award, dismissed the action, and imposed sanctions against Fuentes and her attorney for $10,791.89, a portion of DIRECTV's attorney's fees and expenses. By order dated 10 September 2006, the sanctions were amended to be against Fuentes' attorney only.

Ruling an injunction may issue as an exception to the Anti-Injunction Act is a question of law reviewed *de novo*. *E.g.*, ***Regions Bank of La. v. Rivet***, 224 F.3d 483, 488 (5th Cir. 2000). Pursuant to the Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments". 28 U.S.C. § 2283.

2

"[S]ome federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case". *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970). The Act's exception for protecting or effectuating a federal-court judgment "'prevents multiple litigation of the same cause of action and ... assures the winner in a federal court that he will not be deprived of the fruits of his victory by a later contrary state judgment which the Supreme Court may or may not decide to review'". *Int'l Ass'n of Machinists and Aerospace Workers v. Nix*, 512 F.2d 125, 130-31 (5th Cir. 1975) (quoting *Woods Exploration & Producing Co. v. Aluminum Co. of Am.*, 438 F.2d 1286, 1312 (5th Cir. 1971)).

Needless to say, enjoining the state small-claims-court action was necessary to protect the district court's order compelling arbitration of Fuentes' late-fee-payment claim. Otherwise, the determination that arbitration was the contractually-agreed-upon method for resolving that claim would be undermined.

As noted, the district court issued two sanctions orders: one, on 30 September 2005, against Fuentes and her attorney; and another, on 10 September 2006, amending the first, to sanction only Fuentes' attorney. On 28 October 2005, Fuentes filed a notice of appeal of the order of dismissal. Because the sanctions order was

3

not final, it could not be appealed at that time. Along that line, on 11 November 2006, Fuentes withdrew her amended notice of appeal for the 10 September 2006 amended sanctions order. Accordingly, this court lacks jurisdiction over the issue. *E.g.*, **Burnley v. City of San Antonio**, 470 F.3d 189, 192 (5th Cir. 2006) (proper filing of a notice of appeal is mandatory and jurisdictional).

Fuentes also appeals a constructive injunction she claims was entered against her attorney prohibiting the filing of new actions against DIRECTV. Apparently, the sanctions orders are construed to enjoin such filings. Because Fuentes did not file a notice of appeal for the sanctions, we lack jurisdiction for this issue as well.

*AFFIRMED*

4