# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-50812
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN ANTONIO CORONADO-RODRIGUEZ

Defendant-Appellant

Consolidated with
No. 08-50863

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN ANTONIO CORONADO-RODRIGUEZ

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-221-ALL
USDC No. 1:08-CR-115-ALL

Before PRADO, ELROD and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Juan Antonio Coronado-Rodriguez (Coronado) challenges the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal and the sentence imposed following the revocation of a previously imposed term of supervised release. Coronado argues that his 41-month sentence for being unlawfully present in the United States following removal was unreasonable. The Government argues that Coronado's appeal from his sentence for being unlawfully present in the United States following removal should be dismissed because Coronado did not file a timely notice of appeal. Coronado does not address the issue of the timeliness of his notice of appeal.

Coronado's notice of appeal in his new criminal case was filed after the expiration of the time for filing a timely notice of appeal and the time during which the district court could have extended the time for filing a notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A)(i), (b)(4). Accordingly, we must dismiss Coronado's appeal from his sentence for being unlawfully present in the United States as untimely filed. *See Burnley v. City of San Antonio,* 470 F.3d 189, 192 n.1 (5th Cir. 2006).

Coronado argues that the 24-month consecutive sentence imposed upon the revocation of his supervised release was unreasonable and plainly unreasonable because the sentence was supposed to be a penalty for his breach of trust for violating the terms of his supervised release, not additional punishment for his new offense. He contends that a 12-month sentence would

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have been sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

Because Coronado did not object to the sentence in the district court, we review for plain error only. *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). To show plain error, Coronado must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

While the 24-month sentence exceeded the advisory guidelines range as calculated by the district court, the sentence did not exceed the statutory maximum. *See* 18 U.S.C. § 3583(e)(3). Furthermore, Coronado's supervised release violation appears to have been a Grade B violation, making the correct guidelines sentence range 21-24 months of imprisonment. Given Coronado's extensive criminal history, Coronado has not shown that the sentence constituted plain error. *See Jones*, 484 F.3d at 792-93; *cf. United States v. Smith*, 417 F.3d 483, 491-92 (5th Cir. 2005). Accordingly, the sentence imposed upon the revocation of Coronado's supervised release is affirmed.

APPEAL DISMISSED IN PART; AFFIRMED IN PART.