

FILED
August 20, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

# No. 03-14-00805-CV

## IN THE THIRD COURT OF APPEALS
### at Austin, Texas

---

**DEVVY KIDD,**

Appellant,

v.

**CARLOS CASCOS,**
Texas Secretary of State,

Appellee.

---

On Appeal from the
53rd District Court of Travis County

RECEIVED
AUG 2 0 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

---

## REPLY BRIEF OF APPELLANT
## DEVVY KIDD

---

DEVVY KIDD
Appellant *Pro se*
P.O. Box 1102
Big Spring, Texas 79721
432-264-7869

ORAL ARGUMENT NOT REQUESTED

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Reply Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Prayer.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# INDEX OF AUTHORITIES

Cases:                                                                    Page:

*Albrechtsen v. Bd. of Regents*, 309 F.3d 433 (7th Cir. 2002)................2

*Argyropoulos v. City of Alton*, 539 F.3d 724 (7th Cir. 2008)................2

*Ass'n of Tex. Prof'l Educators v. Kirby*, 788 S.W.2d 827 (Tex. 1990)..........5

*Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192 (10th Cir. 2007).  2

*Burnley v. City of San Antonio*, 470 F.3d 189 (5th Cir. 2006)................2

*Dillon v. Gloss*, 256 U.S. 368 (1921)..............................4, 5

*Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602 (Tex. 2012)...............2

*Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U. S. 473 (1981).................4

*Hamilton v. Southland Christian Sch.*, 680 F.3d 1316 (11th Cir. 2012)........3

*Leser v. Garnett*, 258 U.S. 130 (1922)..............................5

*Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910 (7th Cir. 2012)......2

*People v. Pomykala*, 203 Ill. 2d 198, 784 N.E.2d 784 (2003).................3

*State v. Kelly*, 218 Minn. 247, 15 N.W.2d 554 (1944)......................4

*State v. Russell*, 477 N.W.2d 886 (Minn. 1991)........................3

*Sunbeam Envtl. Servs., Inc. v. Texas Workers' Comp. Ins. Facility*, 71 S.W.3d 846 (Tex.App.—Austin 2002, no pet.)......................................2

*Tatum v. Liner*, 749 S.W.2d 251 (Tex.App.-San Antonio 1988).............3, 6

*Tran v. Tr. of State Colleges in Colo.*, 355 F.3d 1263 (10th Cir.2004).........3

*United States v. Foster*, 789 F.2d 457 (7th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . 2

*West's Executors v. Cameron County*, 4 S.W.2d 111 (Tex.Civ.App.-San Antonio 1928). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*Yellow Freight System, Incorporated v. Donnelly*, 494 U.S. 820 (1990). . . . . . . . . . 4

Constitutional Provisions and Statutes:

U.S. Constitution, Seventeenth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7

Revised Statutes §205. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 5

## ARGUMENT IN REPLY

**ISSUE: Did the trial court err in dismissing my complaint seeking a Writ of Prohibition and Injunction?**

In response to my complaint in the district court, the Secretary of State filed a motion to dismiss raising the defenses that I lacked "taxpayer" standing to bring this lawsuit, and that the doctrine of "sovereign immunity" required that my lawsuit be dismissed. In my reply to that motion, I addressed these two issues to demonstrate that I did have standing and that Texas caselaw held that the "sovereign immunity" defense did not apply here. The district court appears to not have addressed either of these arguments.

In my opening brief in this appeal, I specifically raised these issues of taxpayer standing and sovereign immunity, which the Secretary of State does not challenge in his brief submitted to this court. By failing to offer any response to these arguments in his brief filed here, that silence is a concession that I do have standing and that sovereign immunity is not an issue in this appeal.

But furthermore, in my opening brief I specifically raised the issue that Revised Statutes §205 as judicially interpreted and construed was unconstitutional as creating a conclusive presumption. It is remarkable that this extremely important issue is not addressed by the Secretary of State in his brief, not even with a single sentence in a footnote. Again, the Secretary of State has waived any response to this issue and

1

concedes my argument that Revised Statutes §205 is unconstitutional. See *Sunbeam Envtl. Servs., Inc. v. Texas Workers' Comp. Ins. Facility*, 71 S.W.3d 846, 851 (Tex.App.—Austin 2002, no pet.) (holding appellants waived issue of attorney's fees by failing to raise it in their initial appellate brief). Waiver is most often committed by an appellant, but an appellee can waive issues, too. See *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 612 (Tex. 2012)("Lenk's cross-petition for attorney's fees was not properly raised in the court of appeals, and thus we reject this claim as well."). Other courts have acknowledged that appellees can waive issues by not briefing them. See *Burnley v. City of San Antonio*, 470 F.3d 189, 200 n.10 (5th Cir. 2006)(appellee waived argument for appellate attorney's fees by failing to sufficiently raise the issue in its brief); *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 924 (7th Cir. 2012)("The defendants have waived this argument by not developing it on appeal. See *Argyropoulos v. City of Alton*, 539 F.3d 724, 738 (7th Cir. 2008) (undeveloped arguments are waived). Their argument is in a footnote, consists of four sentences, and contains no citation to authority. The defendants attempt to 'incorporate . . . by reference' arguments in their brief to the district court seeking to dismiss the non-Franklin defendants on this basis, but 'appellate briefs may not incorporate other documents by reference.' *Albrechtsen v. Bd. of Regents*, 309 F.3d 433, 435-36 (7th Cir. 2002); see also *United States v. Foster*, 789 F.2d 457, 462 (7th Cir. 1986)."); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1207

2

(10th Cir. 2007)("Defendants made no argument regarding their interest as employers either in their motion for summary judgment or in their appellate brief. Accordingly, we cannot affirm summary judgment on this basis and must assume that Plaintiffs' interests in speaking on the four remaining matters outweighed Defendants' interests in managing the work environment. See *Tran v. Tr. of State Colleges in Colo.*, 355 F.3d 1263, 1266 (10th Cir.2004) ('Issues not raised in the opening brief are deemed abandoned or waived.')"; and *Hamilton v. Southland Christian Sch.*, 680 F.3d 1316, 1318-19 (11th Cir. 2012).

But if this court does not conclude that the Secretary of State has waived this issue, it is certainly ripe for decision in this appeal.

Here in Texas, conclusive presumptions are unconstitutional. See *Tatum v. Liner*, 749 S.W.2d 251, 262-63 (Tex.App.-San Antonio 1988)("Mandatory conclusive presumptions are not permissible in Texas. For every presumption under Texas law, there is the right of rebuttal; and if the party opposing the presumption is able to disprove what was presumed, the jury is entitled to discard the presumption."). "Any such presumption could be removed by proof." *West's Executors v. Cameron County*, 4 S.W.2d 111, 116 (Tex.Civ.App.-San Antonio 1928). See also *People v. Pomykala*, 203 Ill. 2d 198, 204, 784 N.E.2d 784 (2003)("Thus, under Illinois law, all mandatory presumptions are now considered to be *per se* unconstitutional."); *State v. Russell*, 477 N.W.2d 886, 891 (Minn. 1991)("This court has recognized that statutes creating

3

conclusive presumptions of law or fact have been almost uniformly declared unconstitutional as denying due process of law."); and *State v. Kelly*, 218 Minn. 247, 15 N.W.2d 554, 557 (1944)("Such statutes are of two general types: Those creating conclusive presumptions of law or fact, and those creating rebuttable presumptions of fact or 'prima facie' proof. Those of the first type have met the almost uniform fate of being declared unconstitutional, as denying due process of law.").

My complaint against the Secretary of State sought at least a declaration that the Seventeenth Amendment, declared by Secretary Bryan as having been ratified pursuant to his authority based on Revised Statutes §205, had not been constitutionally ratified by the requisite number of States. An issue of this nature involving questions arising under the Constitution of the United States is an issue that can be raised in a Texas court because such questions are not exclusively "federal" questions that can only be raised in federal court. See *Yellow Freight System, Incorporated v. Donnelly*, 494 U.S. 820, 822 (1990)(state courts may exercise jurisdiction over federally created causes of action as long as Congress has not explicitly or implicitly made federal court jurisdiction exclusive); and *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U. S. 473, 477-478 (1981).

In *Dillon v. Gloss*, 256 U.S. 368 (1921), the United States Supreme Court was confronted with several questions regarding the ratification of the Eighteenth Amendment providing for prohibition. One matter that the Supreme Court determined

4

in that case is that when an amendment is proposed for ratification, it must be approved or rejected within a reasonable time: "We do not find anything in the article which suggests that an amendment, once proposed, is to be open to ratification for all time, or that ratification in some of the states may be separated from that in others by many years and yet be effective." Id., at 374. "We conclude that the fair inference or implication from Article V is that the ratification must be within some reasonable time after the proposal." Id., at 375. The Court in *Dillon* concluded that an amendment to the Constitution becomes effective on "the date of its consummation, and not that on which it is proclaimed". Id., at 376.

The "enrolled bill rule" is one that is judicially created. It has been modified here in Texas precisely because the rule appears to establish a conclusive presumption. See *Ass'n of Tex. Prof'l Educators v. Kirby*, 788 S.W.2d 827, 829 (Tex. 1990)("The enrolled bill rule is contrary to modern legal thinking, which does not favor conclusive presumptions that may produce results which do not accord with fact."). In reference to amendments to the U.S. Constitution, this enrolled bill rule is also judicially created. See *Leser v. Garnett*, 258 U.S. 130, 137 (1922).

But this federal "enrolled bill rule" applying to constitutional amendments is valid only because of Revised Statutes §205. If §205 is unconstitutional, then Secretary Bryan had no authority to declare ratification of the Seventeenth Amendment. Section 205 is unconstitutional because, as construed by the U.S.

Supreme Court, it contains a conclusive presumption, and "[m]andatory conclusive presumptions are not permissible in Texas." *Tatum v. Liner*, 749 S.W.2d 251, 262-63 (Tex.App.-San Antonio 1988). I offered irrefutable proof that neither California nor Wisconsin ratified this amendment. "Any such presumption could be removed by proof." *West's Executors v. Cameron County*, 4 S.W.2d 111, 116 (Tex.Civ.App.-San Antonio 1928).

Clearly, state governments create public records. The current California Constitution, in Art. IV, §7, requires each house of the legislature to keep a journal of its proceedings as does Art. IV, §10, of the present Wisconsin Constitution. Undoubtedly, the constitutions of these States had either these or similar provisions in effect in 1913. Those public records from these States that bear upon the question of the ratification of the Seventeenth Amendment have been obtained by me and such records constitute evidence that these States failed to legally ratify this amendment. To blindly assert as does the Secretary of State that there might be missing records showing ratification by these States is a baseless and groundless assertion.

This issue is very important. In 1787, the original 13 States of this country sent delegates to Philadelphia to draft a new constitution for the federal government known as the United States of America. That Constitution was ratified and a new government for the United States was created. New States, including Texas, have been admitted into this Union on an equal footing with the original States. Legally,

6

the States created the government for the United States of America and they are its masters. The government of the United States of America is the servant of the States.

This court has every legal and moral right to pass judgment on the events surrounding the ratification of the Seventeenth Amendment.

## PRAYER

For the reasons noted above, the order of the trial court dismissing my lawsuit should be reversed and this cause remanded back to that court for further proceedings.

Respectfully submitted this the 17th day of August, 2015.

Devvy Kidd
Appellant *Pro se*
P.O. Box 1102
Big Spring, Texas 79721
432-264-7869
devvyk@npn.net

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i)(3), I certify that this document complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2). I certify that this whole brief contains 2086 words.

Devvy Kidd

7

CERTIFICATE OF SERVICE

I hereby certify that I have this date served by email a copy of the foregoing brief upon the below named counsel for the Secretary of State and have mailed a copy of this brief to: *CERTIFIED MAIL RECEIPT: 7014 0150 0000 4734 1850*

Adam N. Bitter
Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

Dated this the 17th day of August, 2015.

_Devvy Kidd_
Devvy Kidd

PRESS FIRMLY TO SEAL


UNITED STATES
POSTAL SERVICE ®

1007

78711

U.S. POSTAGE
**PAID**
BIG SPRING, TX
79720
AUG 17 15
**AMOUNT**



**$19.99**

R2304N16921-02

---

EG239252558US

EG239252558US

## ORIGIN (POSTAL SERVICE USE ONLY)

PO ZIP Code

Day of Delivery
☐ Next ☐ 2nd ☐ 2nd Del. Day

Date Accepted

Scheduled Date of Delivery

Postage
$ 19.00

Mo. Day Year

Month 8 Day 0

Time Accepted
☐ AM
☐ PM

Scheduled Time of Delivery
☐ Noon ☐ 3 PM

Military

Return Receipt Fee

COD Fee
$

Insurance Fee

Flat Rate ☐ or Weight

lbs. ozs.

2nd Day
3rd Day

Int'l Alpha Country Code

Total Postage & Fees
$

Acceptance Emp. Initials

FROM: (PLEASE PRINT)    PHONE (    )

DEWJ KIDD
P.O. Box 1162
Big Spring, TEXAS
79721

## FOR PICKUP OR TRACKING

Visit **WWW.USPS.COM**
Call 1-800-222-1811

---



EXPRESS
MAIL

UNITED STATES POSTAL SERVICE ®

## Post Office To Addressee

Addressee Copy
Label 11-B, March 2004

### DELIVERY (POSTAL USE ONLY)

| | | Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |

Mo. Day    Delivery Attempt    Time    ☐ AM ☐ PM    Employee Signature

Mo. Day    **Delivery Date**    Time    ☐ AM ☐ PM    Employee Signature

Mo. Day

### CUSTOMER USE ONLY

☐ NO DELIVERY
☐ Weekend ☐ Holiday

☐ **WAIVER OF SIGNATURE** *(Domestic Mail Only)*
Additional merchandise insurance is void if
customer requests waiver of signature.
I wish delivery to be made without obtaining signature
of addressee or addressee's agent (if delivery employee
judges that article can be left in secure location) and I
authorize that delivery employee's signature constitutes
valid proof of delivery.

Mailer Signature

TO: (PLEASE PRINT)    PHONE (    )

THIRD COURT OF APPEALS
P.O. Box 12547
AUSTIN, TEXAS 78711

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

7 8 7 1 1 +

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.