# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30201
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2017

Lyle W. Cayce
Clerk

SARAH HOOKS, individually and on behalf of her minor children, C.H. and L.H.; MICHAEL K. KRONLAGE,

     Plaintiffs – Appellants,

v.

NATIONWIDE HOUSING SYSTEMS, L.L.C.; OAK CREEK HOMES, L.L.C., formerly known as Oak Creek Homes, L.P.,

     Defendants – Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-729

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

     Sarah Hooks, individually and on behalf of her minor children, and her father, Michael Kronlage, filed suit against Nationwide Housing Systems, L.L.C.; and Oak Creek Homes, L.L.C., formerly known as Oak Creek L.P. ("Defendants") alleging personal injuries stemming from mold contamination in the Hooks's home. Sarah Hooks's individual claims were referred to

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30201

arbitration. Her children (through Sarah Hooks as next friend) and her father will be referred to as "Plaintiffs."

On July 10, 2016, the district court entered an Order and Reasons granting the Defendants' motion for summary judgment in full and dismissing Plaintiffs' claims. No separate judgment document was filed. On August 11, 2016, Plaintiffs filed an appeal to this court noting the lack of a separate judgment but stating that the judgment was "an appealable judgment on its face." On December 8, 2016, this court entered an order dismissing for want of appellate jurisdiction and stating: "In this personal injury case, the district court entered order and reasons dismissing the case on July 11, 2016. Therefore, the final day for filing a timely notice of appeal was August 10, 2016." *Hooks v. Nationwide Housing Systems, L.L.C.*, No. 16-30916 (5th Cir. Dec. 8, 2016) (*Hooks I*). In sum, we found the appeal to have been filed a day late.

That same day, December 8 (with a submission date of January 4, 2017), Plaintiffs filed a motion for entry of a final judgment under Federal Rule of Civil Procedure 58, now contending that the July 10 order was not a final, appealable judgment. However, they did not seek a rehearing of this court's decision in *Hooks I* nor did they file a petition for certiorari to the Supreme Court. The district court denied the motion on February 22, 2017, and the present appeal was taken from that order on March 17, 2017.

The parties argue at length about whether a separate judgment was necessary for the July 10 order and the effect of our court's decision in *Hooks I*. However, we pretermit consideration of those issues because even assuming arguendo that *Hooks I* does not foreclose consideration of the relevant notice of appeal filed in March of 2017, we conclude that the relief sought is moot.

In 2002, Federal Rule of Civil Procedure 58 was amended to provide a "bright line" cutoff for such arguments. *Burnley v. City of San Antonio*, 470

2

No. 17-30201

F.3d 189, 194 (5th Cir. 2006). It explains that Rule 58 was amended, along with other rules, "to provide . . . an integrated system fostering promptness, accuracy, certainty and finality in the entry of judgments by district courts. Assuming arguendo that the district court's Order and Reasons required a separate judgment document, if one was not entered within 150 days, the judgment is considered to be entered at that time, starting the appellate clock running. Fed. R. Civ. P. 58(c)(2)(B); *Burnley*, 470 F.3d at 194.

Counting 150 days from July 10 brings us (coincidentally) to December 8, 2016, which would then start the clock running for the appeal, which would then have been due January 9, 2017. Thus, even if we were to grant the relief sought in this appeal – ordering the entry of a separate document – it would be a nullity and would do nothing to further the Plaintiffs' goal of filing a timely appeal. Thus, we conclude that either Plaintiffs' appeal is barred by *Hooks I* or it is moot. We thus DISMISS the appeal.

APPEAL DISMISSED.