# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2025

Lyle W. Cayce
Clerk

No. 23-40714

—————————

Nick Natour; Enclare, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Ali Hicham Hamdan; Data Payment Systems, Incorporated; Luis Requejo; Scott Bickell; One Payment Services; Elavon, Incorporated; Fiserv, Incorporated; Bank of America National Association; Paide, *a California Corporation*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CV-331

———————————————————————

Before Haynes, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Restaurant owner Nick Natour appeals the district court's dismissal of his claims against various defendants in connection with a disputed debit card transaction. We dismiss his appeal as untimely.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40714

The district court entered final judgment against Natour on March 9, 2023. Natour had 30 days to appeal—specifically, until April 8, 2023. *See* Fed. R. App. P. 4(a)(1)(A). Natour did not file a notice of appeal until December 21, 2023. His appeal is therefore untimely.

Natour contends that the filing of post-judgment motions extended his time to appeal. We disagree. The motions he references all relate to attorney's fees and costs. While a district court is *permitted* to extend the appeal deadline in light of a pending motion for attorney's fees, extension does not occur automatically. *See* Fed. R. App. P. 4(a)(4)(A)(iii) (appeal deadline runs from disposition of motion "for attorney's fees under Rule 54 *if* the district court extends the time to appeal under Rule 58" (emphasis added)); *see also, e.g.*, *Burnley v. City of San Antonio*, 470 F.3d 189, 199 (5th Cir. 2006) ("[Fed. R. Civ. P.] 58(c)(2), when read in context with [Fed. R. App. P.] 4(a)(4)(iii), *authorizes* a district court to delay the finality of a judgment on the merits . . . for the purpose of allowing appeals from both the merits judgment and the fee judgment to be taken at the same time." (emphasis added)). Here, the district court did not extend the time to appeal.

APPEAL DISMISSED.

2