**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 12, 2012

Lyle W. Cayce
Clerk

No. 10-11125
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL GARCIA-CABRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-158-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Miguel Garcia-Cabrera appeals the 51-month sentence imposed following
his guilty-plea conviction for illegal reentry following previous deportation.  He
asserts that his within-guidelines sentence is unreasonable because it is greater
than necessary to meet the goals of 18 U.S.C. § 3553(a).  Garcia-Cabrera argues
that the Guidelines that govern illegal reentry offenses produce unreasonable
sentences because they result in double-counting of criminal history and do not
properly account for the non-violent nature of the offense.  He also contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he deserved a lesser sentence in light of the disparity in fast-track programs in certain districts. Garcia-Cabrera further asserts that his sentence did not reflect his personal history and characteristics.

The Government maintains that the instant appeal should be dismissed because the underlying notice of appeal was untimely. The record supports the Government's contention. The instant notice of appeal, which Garcia-Cabrera filed after his initial appeal was dismissed for want of prosecution, was filed after the expiration of the time for filing a timely notice of appeal and beyond the time during which the district court could have extended the time for filing a notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A)(i), (b)(4). Garcia-Cabrera did not seek reinstatement of the district court's judgment and set forth no justification for his second attempt to appeal the district court's judgment. He also did not seek leave to file an out-of-time appeal pursuant to 28 U.S.C. § 2255. Thus, we dismiss Garcia-Cabrera's appeal as untimely filed. *See Burnley v. City of San Antonio,* 470 F.3d 189, 192 n.1 (5th Cir. 2006).

Even if we pretermitted the issue of whether Garcia-Cabrera filed a timely notice of appeal and addressed the merits of the case, his appeal would fail. *See United States v. Martinez*, 496 F.3d 387, 389 (5th Cir. 2007). His arguments consistently have been rejected by this court. *See United States v. Duarte*, 569 F.3d 528, 529-31 & n.2 (5th Cir. 2009) (rejecting argument that a sentence is unreasonable because U.S.S.G. § 2L1.2 results in double-counting of a prior criminal conviction); *United States v. Gomez-Herrera*, 523 F.3d 554, 563 n. 4(5th Cir. 2008) (dismissing argument that guidelines range was excessive because it caused unwarranted disparities based on the availability of fast-track program); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (holding that argument that illegal reentry is not a violent crime does not justify disturbing a presumptively reasonable sentence). The record also supports that the district court's sentencing decision was based upon an individualized assessment of the facts, in light of the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 49-

No. 10-11125

51 (2007). Accordingly, Garcia-Cabrera has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

The appeal is DISMISSED as untimely.