Arthur J. HALLERAN, Jr., etc.,
Plaintiff, Appellant,

v.

Harry M. HOFFMAN, etc.,
Defendant, Appellee.

No. 91–2180.

United States Court of Appeals,
First Circuit.

Heard April 6, 1992.

Decided June 11, 1992.

**46**

Barbara L. Moore with whom Robert S. Molloy and Cooley, Manion, Moore & Jones, P.C., Boston, Mass., were on brief for plaintiff, appellant.

Philip Fertik with whom Herbert Beigel, Beigel & Sandler, Ltd., Chicago, Ill., Peter A. Pease and Berman, Devalerio & Pease, Boston, Mass., were on brief, for defendant, appellee.

Before CYR, Circuit Judge, COFFIN and CAMPBELL, Senior Circuit Judges.

LEVIN H. CAMPBELL, Senior Circuit Judge.

After appealing from the district court's dismissal of a declaratory judgment action, plaintiff, for the first time on appeal, challenges the existence of diversity jurisdiction. Because we cannot determine on the record before us whether diversity jurisdiction exists, we remand to the district court for further fact-finding.

## I.

The underlying legal dispute involves the management of the Park Towne Place Associates Limited Partnership ("Park Towne"), which operates an apartment complex in Pennsylvania. Attorney Herbert Beigel sent a letter to all of Park Towne's limited partners, inviting them to retain his law firm to file suit against Park Towne's general partner Winthrop Financial Associates ("WFA"), and its affiliates for misrepresentation and breach of fiduciary duty. Seeking to preempt such a suit, plaintiff filed a declaratory judgment action in a Massachusetts state court. Asserting the existence of federal subject matter jurisdiction based upon diversity of citizenship, defendant removed the action to the District Court for the District of Massachusetts.[1] The district court dismissed on the ground that declaratory relief was inappropriate, and plaintiff has appealed.

The parties named in the complaint are as follows:

ARTHUR J. HALLERAN, JR., as general partner of LINNAEUS ASSOCIATES LIMITED PARTNERSHIP as general partner of WINTHROP FINANCIAL ASSOCIATES, A LIMITED PARTNERSHIP, as general partner of PARK TOWNE PLACE ASSOCIATES LIMITED PARTNERSHIP,

Plaintiff

v.

HARRY M. HOFFMAN, as representative limited partner of PARK TOWNE PLACE ASSOCIATES LIMITED PARTNERSHIP,

Defendant

In addition, Park Towne is named as a nominal defendant. Defendant Hoffman asserted diversity jurisdiction because Halleran is a resident of Massachusetts, and Hoffman a resident of Pennsylvania. Hoffman's assertion stood unchallenged until after briefs were filed in this court, when plaintiff-appellant, in a letter to the court and at oral argument, argued that diversity was lacking under the rule of *Carden v. Arkoma Assoc.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

---

1. Under 28 U.S.C. § 1332(a),

   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

   (1) citizens of different states; ....

   Removal of such an action is permitted by 28 U.S.C. § 1441.

In *Carden* the Supreme Court held that, for purposes of diversity jurisdiction, a limited partnership is a citizen of every state of which its general or limited partners are citizens. Under this rule, plaintiff says that diversity is lacking here for two reasons. First, according to an affidavit in the record, several Park Towne limited partners are citizens of Pennsylvania. Second, plaintiff's counsel represents that several WFA limited partners are residents of Pennsylvania. Either way, plaintiff says, the resulting Pennsylvania citizenship of one (or both) of the limited partnerships destroys diversity because defendant Hoffman is also a citizen of Pennsylvania.

We agree with plaintiff's second theory, regarding WFA's citizenship. But because our only information as to that citizenship comes from a representation by counsel, we remand the case for further fact-finding.

## II.

■■■ A challenge to federal subject matter jurisdiction may be raised at any time, including for the first time on appeal. *See* Fed.R.Civ.P. 12(h)(3); *Mansfield, Coldwater & Lake Michigan Ry. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884) ("the rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception which requires this court ... to deny its own jurisdiction, and ... that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which ... it is called to act"). It follows that where the record on appeal does not contain facts supporting jurisdiction, a court of appeals must, at a minimum, remand for inquiry into jurisdictional facts. *See Penteco Corp. v. Union Gas System*, 929 F.2d 1519, 1522–23 (10th Cir.1991); *Trent Realty Assoc. v. First Federal Savings & Loan Assoc.*, 657 F.2d 29, 36 (3d Cir.1981); *Shahmoon Industries, Inc. v. Imperato*, 338 F.2d 449, 452 (3d Cir.1964).

## III.

■■■ Diversity jurisdiction requires complete diversity between all the plaintiffs and all the defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). In this case, if any of WFA's limited partners are citizens of Pennsylvania, then WFA itself is a citizen of Pennsylvania. *Carden*, 494 U.S. at 195–96, 110 S.Ct. at 1021. The only legal question at issue is whether WFA's citizenship matters for diversity purposes. Defendant argues that it does not, because the action was brought in the name of an individual, Arthur Halleran, and not in the name of WFA.

We find this argument unconvincing. It is true that the limited partnership in *Carden* brought suit in its own name, apparently under a state law rule allowing limited partnerships to sue in their own names. *See* 494 U.S. at 186, 110 S.Ct. at 1016. Many states, unlike Massachusetts, have adopted such a rule. *See* 7C Wright, Miller & Kane, *Federal Practice and Procedure*, § 1861. Massachusetts, however, adheres to the common law rule requiring that an action on behalf of a limited partnership be brought by the general partners or by a representative under class action procedures. *See Gorovitz v. Planning Board of Nantucket*, 394 Mass. 246, 249, 475 N.E.2d 377 (1985); *Milton Commons Assoc. v. Board of Appeals*, 14 Mass.App.Ct. 111, 111 n. 1, 436 N.E.2d 1236, *app. denied*, 387 Mass. 1101, 440 N.E.2d 21 (1982); *Roberts–Haverhill Assoc. v. City Council of Haverhill*, 2 Mass.App.Ct. 715, 721, 319 N.E.2d 916 (1974). Accordingly, this suit was originally brought by Halleran, in a Massachusetts court, in his capacity as general partner of a limited partnership that is in turn the general partner of WFA.

We do not think the above procedural differences render *Carden* toothless in states like Massachusetts where limited partnerships still must sue under the names of general partners or others. At least two courts of appeals, anticipating *Carden*, have considered the citizenship of limited partners for diversity purposes when suit was brought by a general partner on behalf of the limited partnership. *Stouffer Corp. v. Breckenridge*, 859 F.2d

75 (8th Cir.1988); *Carlsberg Resources Corp. v. Cambria Savings and Loan Ass'n*, 554 F.2d 1254 (3d Cir.1977). Similarly, the Supreme Court has held that the citizenship of all the members of a joint stock company must be considered even though, pursuant to a state statute, suit was brought on behalf of the company by its president. *Chapman v. Barney*, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889).

In this case, there can be no doubt that suit was brought for and on behalf of WFA. The complaint seeks a declaratory judgment that "WFA its partners, subsidiaries, affiliates and principals" have not violated any legal duties with regard to Park Towne. Consequently, the citizenship of WFA—which is that of all of its general and limited partners—must be considered in determining whether there is diversity jurisdiction. To hold otherwise would make the rule of *Carden*, and the existence of diversity jurisdiction, turn on the sheer fortuity of state law relating to the name or names under which a limited partnership must sue. Those partnerships in states adhering to the old common law rule would have superior access to diversity jurisdiction and those elsewhere might seek to create diversity jurisdiction simply by not availing themselves of the right to sue in partnership name.

■ In the event any of WFA's general or limited partners are citizens of Pennsylvania, there will clearly be no federal subject matter jurisdiction.[2] The question remains, however, how to dispose of the case in that event. Plaintiff asks us to order that the case be remanded to the state court, while defendant asks us to order that it be dismissed. Defendant's argument is based on the language in 28 U.S.C. § 1447(c) that "[i]f at any time before *final judgment* it appears that the *district court* lacks subject matter jurisdiction [over a removal case], the case shall be remanded." (emphasis added). Because the district court has already entered judgment, defendant claims that it is too late to order a remand.

Whatever the reach of the cited language, it is settled that, where a federal appellate court finds jurisdiction over a removed case to be lacking, it may order a remand to the state court even though judgment has been entered by the district court. *See Mansfield*, 111 U.S. at 385, 4 S.Ct. at 513; *New England Concrete Pipe v. D/C Systems of New England, Inc.*, 658 F.2d 867, 874 (1st Cir.1981); *Trent Realty*, 657 F.2d at 36. We think that is the proper result here. *See Crenshaw v. Great Central Insurance Co.*, 482 F.2d 1255, 1259 (8th Cir.1973); 1A Moore and Ringle, *Moore's Federal Practice* ¶ 0.169[1] at 676 (in removal cases where state court has jurisdiction but federal court lacks jurisdiction, proper disposition is for federal court to remand case to state court).

The case is remanded to the district court for a determination whether any of WFA's general or limited partners are citizens of Pennsylvania. If so, the district court shall remand the action to the state court from which it came and shall immediately notify the Clerk of this court of its determination and action in this regard. If not, the district court shall forthwith certify its findings to this court. We shall, meanwhile, retain jurisdiction of the appeal. The district court is directed to complete its action, upon remand, within 90 days.

*So ordered.*

---

**2.** Because it seems likely that counsel's representation as to WFA's citizenship will prove correct, we do not consider plaintiff's alternate theory that Park Towne's Pennsylvania citizenship would also destroy diversity. Although we do not decide the question, it is certainly arguable that, in a dispute between limited and general partners in the same partnership, diversity would not be destroyed by the common citizenship of two or more limited partners. In such a case, the limited partners are on the same side.