**BANK ONE, TEXAS, N.A.,**
**Plaintiff, Appellee,**

v.

**Paul J. MONTLE, Defendant, Appellant.**

No. 91–1723.

United States Court of Appeals,
First Circuit.

Heard March 3, 1992.

Decided Sept. 3, 1992.

Robert Philip Hilson with whom Law Offices of Robert Philip Hilson, Professional Corp., Hingham, Mass., was on brief for defendant, appellant.

John J. O'Connor with whom Molly H. Sherden and Peabody & Arnold, Boston, Mass., were on brief for plaintiff, appellee.

Before TORRUELLA, Circuit Judge, CAMPBELL and WEIS,* Senior Circuit Judges.

* Of the Third Circuit, sitting by designation.

LEVIN H. CAMPBELL, Senior Circuit Judge.

In an opinion dated May 12, 1992, this court, while still retaining appellate jurisdiction, remanded to the district court with directions to conduct further inquiry into the relevant jurisdictional facts and render findings and rulings as to the existence or nonexistence of diversity jurisdiction. *Bank One, Texas, N.A. v. Montle,* 964 F.2d 48, 54–55 (1st Cir.1992). The district court was to certify these findings and rulings to the Clerk of this court. *Id.* at 55.

The district court, in compliance with these directions, promptly caused further inquiry to be made into the relevant jurisdictional facts. For this purpose, a magistrate judge held an evidentiary hearing and also received and examined further affidavits. The defendant, Paul Montle, testified in person. The magistrate then filed a comprehensive report and recommendation which the district court subsequently approved, adopted and certified to the Clerk of this court. The magistrate judge concluded therein that plaintiff, Bank One, Texas, N.A., had failed to prove that, at the time this action was brought, *to wit* on June 30, 1990, defendant Montle had been a resident of Massachusetts. Rather the magistrate judge found that Montle was by then physically residing in Houston, Texas, intending to remain there. Defendant, therefore, resided by the time this action was commenced within the same state as plaintiff. Diversity of citizenship was entirely lacking.

As the district court was without jurisdiction under 28 U.S.C. § 1332, it should have granted Montle's original motion to dismiss on that ground, and lacked power to go on, as it did, and decide the case. We accordingly vacate the appealed judgment of the district court and remand with directions that the action be dismissed for lack of subject matter jurisdiction.

*So ordered.*