Betty **WEAVER**, Plaintiff,

v.

**PLAZA HOTEL MANAGEMENT COMPANY, et al.,**
**Defendants.**

Euretha Outlaw **CARTER,**
**et ano., Plaintiffs,**

v.

**PLAZA HOTEL MANAGEMENT COMPANY, et al.,**
**Defendants.**

Nos. 91 Civ. 4994 (LAK),
91 Civ. 4995 (LAK).

United States District Court,
S.D. New York.

Sept. 19, 1995.

Robert H. Morse, Gideon Karlick, Esterman & Esterman, P.C., for plaintiffs.

Roger E. Mumford, Geringer & Dolan, for Otis Elevator Corp.

Alan D. Kaplan, Gallagher, Gosseen & Faller, for Plaza Management Associates.

## MEMORANDUM OPINION

KAPLAN, District Judge.

These actions were removed from the Supreme Court of the State of New York, Bronx County, in 1991, ostensibly on the basis of diversity of citizenship. The plaintiffs all are citizens of New York. The defendants named in the complaint were Plaza Hotel Management Company, Atlantic City Seashore 3, Inc. ("Atlantic"), and Otis Elevator Company ("Otis").

Prior to the incident giving rise to this action, Atlantic had owned an interest in land beneath the Trump Plaza Hotel and Casino. At the times of the incident and of the commencement of these actions, the land under the hotel was owned of record by Trump Seashore Associates, and Trump Plaza Associates owned and operated the hotel.

Plaintiffs never served Atlantic, delivering copies of the summonses and complaints instead to the Trump Organization in New York, which forwarded them to the hotel. Rather than engage in unproductive controversy regarding the plaintiffs' failure to name the proper entity as a defendant, Trump Plaza Associates advised plaintiffs' counsel that it would answer the complaint and indicate that it was sued herein as Atlantic. By that time, Otis had removed the actions.

Subsequently, the actions proceeded with Trump Plaza Associates as a defendant in all respects save the lack of any formal amendment of the caption. Indeed, the pretrial order, which amended the pleadings to conform to the parties' respective contentions, identifies it as a defendant.

■ One of the partners of Trump Plaza Associate, Donald Trump, is a citizen of New York. As a partnership is a citizen of every State of which any of its partners is a citizen, *Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), complete diversity does not exist if Trump Plaza Associates is properly regarded as a defendant.

■ Federal courts generally determine the existence of diversity of citizenship with an eye to substance rather than form. *See, e.g., Navarro Savings Association v. Lee,* 446 U.S. 458, 460–61, 100 S.Ct. 1779, 1781–82, 64 L.Ed.2d 425 (1980) (formal parties disregarded); *Walden v. Skinner,* 11 Otto (101 U.S.) 577, 589, 25 L.Ed. 963 (1879) (same). This principle applies to *Carden* analysis. *See Halleran v. Hoffman,* 966 F.2d 45, 47 (1st Cir.1992) (refusing to allow the existence of diversity jurisdiction to turn on the "sheer fortuity" of the name or names under which a partnership sues). Here, Trump Plaza Associates is a defendant in every meaningful way. Certainly it will benefit or suffer from the judgment herein. Moreover, in view of the actions of the parties described above, including the amendment of the pleadings effected by the pretrial order, it is a defendant in every formal respect save for amendment of the caption. Accordingly, complete diversity does not exist. Both of these actions are remanded to the Supreme Court of the State of New York, Bronx County.

SO ORDERED.