# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2021

Lyle W. Cayce
Clerk

No. 20-50259

MidCap Media Finance, L.L.C.,

*Plaintiff—Appellee/Cross-Appellant*,

*versus*

Pathway Data, Incorporated, *doing business as* Consumer Direct; CEO David Coulter,

*Defendants—Appellants/Cross-Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-60

Before Stewart, Higginson, and Wilson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:*

This case arises from a contract dispute among Plaintiff-Appellee/Cross-Appellant Midcap Media Finance, L.L.C. ("MidCap"), Defendant-Appellant/Cross-Appellee Pathway Data, Inc. ("Pathway"), and Defendant-Appellant/Cross-Appellee David Coulter ("Coulter"). Pathway

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50259

seeks review of the district court's (1) merits judgment, (2) merits litigation attorney's fees award, (3) order on remand regarding its jurisdiction, and (4) remand litigation attorney's fees award. MidCap cross-appeals the merits judgment. Because the parties failed to timely appeal or reinstate appeal of all but the latter fees award, we have jurisdiction to review only that award. Finding no abuse of discretion regarding that ruling, we AFFIRM.

I.

The procedural timeline in this case is complex and crucial to our assessment of appellate jurisdiction. In July 2013, MidCap and Pathway entered into a "Media Financing, Security, and Assignment Agreement" (the "Agreement"), under which MidCap agreed to loan Pathway up to $1.5 million for online media campaigns. MidCap and Coulter, Pathway's CEO, signed a "Guaranty of Repayment" (the "Guaranty"), which obligated Coulter to pay MidCap damages in certain circumstances. After Pathway fell behind on its payments and negotiations between the two parties failed, MidCap sued Pathway and Coulter in federal district court. Pathway asserted various defenses and counterclaims.

After a bench trial, the district court entered final judgment (the "Merits Judgment") on July 10, 2018, awarding damages and prejudgment interest to MidCap but declining to hold Coulter liable. Pathway filed a timely notice of appeal on August 8, 2018, and MidCap timely cross-appealed on August 21, 2018.

The district court granted MidCap's attorney's fees motion (the "Merits Fees Award") on December 20, 2018. Pathway did not appeal this award.

On timely, original appeal from the Merits Judgment, a panel of this court concluded that the parties had failed to establish diversity of citizenship. *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d

310, 316 (5th Cir. 2019) ("*MidCap I*"). The panel decided to "REMAND [the case] to the district court to determine whether it ha[d] diversity jurisdiction." *Id.* Notably, mandate issued on July 31, 2019, remanding the judgment of the district court, and neither party sought to recall that mandate.

After several months of jurisdictional discovery and an evidentiary hearing, the district court issued an "Amended Findings of Fact and Order" (the "Remand Order"), entered February 24, 2020, finding that the district court had continuously had diversity jurisdiction over the claims. The Remand Order concluded: "Having made these determinations as directed by the Fifth Circuit, the Court hereby directs the Clerk to transmit this order, and the record of proceedings from the date of the remand, July 31, 2019, to the current date back to the Fifth Circuit Court of Appeals."[1]

MidCap moved for attorney's fees for the remand litigation on March 9, 2020. On March 24, 2020, Pathway filed a motion for extension of time to file its notice of appeal. The motion stated: "Pathway Moves the Court under Fed. R. Civ. P. 58(e) and asks that the Court extend Pathway's deadline to file its Notice of Appeal until 30 days after the date the Court rules on MidCap's Motion for Attorney's Fees."

The district court did not immediately rule on Pathway's extension motion. Lacking resolution of its motion, Pathway filed a notice of appeal on March 26, 2020—31 days after the district court had entered the Remand

---

[1] In oral argument, both parties explained that the district court held a conference after entry of the Remand Order to clarify, upon inquiry, that this court had not automatically resumed jurisdiction over the case upon issuance of the Remand Order. Pathway, however, averred in oral argument that it remained confused as to whether a new notice of appeal was required.

No. 20-50259

Order.[2] The notice of appeal purported to appeal the Merits Judgment of July 10, 2018, the Merits Fees Award of December 20, 2018, and the Remand Order of February 24, 2020. MidCap filed a notice of cross-appeal on April 7, 2020, purporting to appeal the Merits Judgment.

On April 27, 2020—63 days after entering the Remand Order—the district court granted Pathway's extension motion.

The district court subsequently awarded attorney's fees to MidCap in an order entered May 11, 2020 (the "Remand Fees Award").

On May 22, 2020, Pathway filed an amended notice of appeal, purporting to appeal the Merits Judgment, the Merits Fees Award, the Remand Order, and the Remand Fees Award.

In summary:

| | |
|---|---|
| January 23, 2015: | MidCap sues Pathway |
| July 10, 2018: | District court enters Merits Judgment |
| August 8, 2018: | Pathway appeals Merits Judgment |
| August 21, 2018: | MidCap cross-appeals Merits Judgment |
| December 20, 2018: | District court enters Merits Fees Award |
| July 9, 2019: | Fifth Circuit issues *MidCap I* |
| July 31, 2019: | *MidCap I* mandate issues |
| February 24, 2020: | District court enters Remand Order |
| March 9, 2020: | MidCap files attorney's fees motion |
| March 24, 2020: | Pathway files motion for extension of time to file notice of appeal |

---

[2] Pathway candidly explains in its reply brief that it filed its notice of appeal "one day late due to a miscalculation about the number of days in February in 2020, a leap year."

No. 20-50259

March 26, 2020:   Pathway files notice of appeal

April 7, 2020:   MidCap files notice of cross-appeal

April 27, 2020:   District court grants Pathway's extension motion

May 11, 2020:   District Court enters Remand Fees Award

May 22, 2020:   Pathway files amended notice of appeal

Against this backdrop, we turn to the question of our jurisdiction.

## II.

A timely filed appeal is a jurisdictional requirement in a civil case where, as here, the time limit is set by statute. *See Bowles v. Russell*, 551 U.S. 205, 213–14 (2007); 28 U.S.C. § 2107(a). Given this prerequisite, we must first assess whether Pathway timely appealed (1) the Merits Judgment, (2) the Merits Fees Award, and (3) the Remand Fees Award.[3] We must also determine whether MidCap timely cross-appealed the Merits Judgment.

### A. Merits Judgment

A notice of appeal in a civil case must ordinarily be filed "within 30 days after entry of the . . . order appealed from." FED. R. APP. P. 4(a)(1)(A). A notice of cross-appeal must be filed within 14 days after the other party's *timely* appeal or within 30 days after entry of the order appealed from, whichever period ends later. FED. R. APP. P. 4(a)(3). In 2018, after the district court entered the Merits Judgment, the parties timely filed notices of appeal of the Merits Judgment. However, that appeal terminated

---

[3] In its notice of appeal, Pathway also claimed to appeal the Remand Order. Setting aside the issue of whether the Remand Order is an appealable final decision in and of itself, *see* 28 U.S.C. § 1291, Pathway's arguments on appeal ultimately challenge only the Merits Judgment, the Merits Fees Award, and the Remand Fees Award. We thus consider only whether each of those three decisions was timely appealed.

No. 20-50259

once our mandate in *MidCap I* issued. Because Pathway did not file any notice of appeal until 31 days after the district court entered the Remand Order and MidCap filed its notice of cross-appeal an additional 12 days later, this court must dismiss the parties' post-mandate attempts to re-appeal the Merits Judgment unless an exception to the general rule applies.[4] We discuss each of Pathway's arguments for such an exception in turn.

### 1.  *MidCap I*'s remand was a full, not partial, remand

Pathway first argues that because the *MidCap I* panel's remand was "limited," a new notice of appeal was not required to reinstate its appeal of the Merits Judgment after remand. Pathway mischaracterizes the *MidCap I* remand.

It is true that in some cases where this court has remanded with a specific directive to the district court, we have retained jurisdiction over the appeal, obviating the need for the appellant to file a new notice of appeal after the district court's remand proceedings. However, in those cases, this court specified that we retained jurisdiction over the appeal. *See, e.g.*, *United States v. Arellano-Banuelos*, 912 F.3d 862, 869 (5th Cir. 2019) ("We remand to the district court with instructions that, within sixty days after the entry of this remand, it provide a supplemental order setting forth its findings . . . . We

---

[4] During oral argument, and later in a Federal Rule of Appellate Procedure 28(j) letter, Pathway argued for the first time that, rather than 30 days, it had 180 days to notice its appeal after entry of the Remand Order because the Remand Order failed to comply with the "separate document" requirement of Federal Rule of Civil Procedure 58(a). Fed. R. Civ. P. 58(a); *see generally United States v. Mtaza*, 2021 U.S. App. LEXIS 6825, 2021 WL 911959 (5th Cir. Mar. 9, 2021) (per curiam) (unpublished). Pathway failed to adequately brief this argument and has thus waived the issue. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."). Because Pathway has the burden to *establish* appellate jurisdiction, we need not consider grounds for appellate jurisdiction that Pathway has not properly raised. *See SCF Waxler Marine, L.L.C. v. ARIS T M/V*, 902 F.3d 461, 464 (5th Cir. 2018).

retain jurisdiction over this appeal."); *OneBeacon Am. Ins. Co. v. Barnett*, 761 F. App'x 396, 404 (5th Cir. 2019) (vacating the judgment and remanding the case for trial; specifying that "[w]e retain jurisdiction over this appeal"; and directing that after the district court remand proceedings, "the district court clerk shall return this matter to this court for disposition by this panel"). *See generally* DAVID G. KNIBB, FEDERAL COURT OF APPEALS MANUAL ch. 27 (6th ed. 2013).

Nowhere does the *MidCap I* opinion specify that this court retained jurisdiction over the appeal or that the remand was limited. *See MidCap I*, 929 F.3d at 316. The judgment entered by this court remanded the Merits Judgment to the district court in full and was issued as the mandate on July 31, 2019. Moreover, as noted earlier, the district court confirmed that the parties' appeals were not pending in our court after entry of the Remand Order. Because *MidCap I* remanded the Merits Judgment in full, and mandate issued, the parties, at minimum, were obligated to file a timely notice of appeal of the remanded judgment after the district court entered the Remand Order.[5] *Cf. Malone v. Avenenti*, 850 F.2d 569, 573 (9th Cir. 1988) (holding that where "a decision remanding for further proceedings in the

---

[5] We note that the parties had earlier alternatives to maintain their appeals of the Merits Judgment. First, prior to mandate issuing, the parties could have sought clarification as to whether this court had retained jurisdiction. Second, once mandate issued, the parties could have sought to recall the mandate to reinstate their appeals pending the district court's remand proceedings. In a different context, the Federal Rules of Appellate Procedure advisory committee has observed that courts of appeal should be instructive and clear with remand language. *See* FED. R. APP. P. 12.1 advisory committee's note to 2009 amendment. Likewise, a leading treatise has highlighted the perils to unwary litigants of unclarified remand language. *See* DAVID G. KNIBB, FEDERAL COURT OF APPEALS MANUAL 671–73 (6th ed. 2013). In this regard, we observe that parties might request clarification language used by other courts. *See, e.g.*, *Halleran v. Hoffman*, 966 F.2d 45, 48 (1st Cir. 1992); *EOTT Energy Operating Ltd. P'ship v. Winterthur Swiss Ins. Co.*, 257 F.3d 992, 999 (9th Cir. 2001).

district court does not explicitly express the court's intention to retain jurisdiction over the appeal, a litigant wishing to appeal an order of the district court after remand must file a new notice of appeal within the period prescribed by rule 4(a)").

    2. <u>The district court exceeded its authority by granting Pathway's extension motion after the time to appeal had expired</u>

Pathway next argues that the district court, by virtue of its April 27 order, extended the deadline to file the notice of appeal until 30 days after entry of the Remand Fees Award. The district court, however, lacked authority to issue the April 27 order.

Federal Rule of Civil Procedure 58(e) provides that "if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." FED. R. CIV. P. 58(e). Under Federal Rule of Appellate Procedure 4(a)(4)(A)(iii), if a party files a timely motion for attorney's fees under Rule 54 and the district court extends the time to appeal under Rule 58, the time to appeal runs from the date the district court enters its order ruling on the attorney's fees motion. FED. R. APP. P. 4(a)(4)(A)(iii).

In *Burnley v. City of San Antonio*, we held that Rule 58(e),[6] together with Rule 4(a)(4)(A)(iii), authorizes a district court to delay the finality of a judgment to allow parties to appeal the merits judgment and the fee judgment

---

[6] *Burnley* referenced the 2006 version of Rule 58(c)(2), which is substantively identical to the current Rule 58(e). The 2007 amendments to the Federal Rules of Civil Procedure resulted in the re-lettering of Rule 58's subparts as well as stylistic changes. *Compare* FED. R. CIV. P. 58(c)(2) (2006), *with* FED. R. CIV. P. 58(e).

at the same time if the district court issues such order before (1) an "effective appeal has already been taken from the merits judgment"; (2) the attorney's fees motion has been decided; *and* (3) the merits judgment has become final and unappealable. 470 F.3d 189, 199 (5th Cir. 2006). On the last point, we reasoned that "when the merits judgment has already become final and unappealable, a mere delay of that judgment is no longer possible, and the court lacks any authority under FRAP 4(a)(4)(A)(iii) and FRCP 58[(e)] to modify the finality or the effect of the merits judgment." *Id.*

This court reiterated *Burnley*'s interpretation of Rule 58(e) and Rule 4(a)(4)(A)(iii) in *Heck v. Triche*: "The only temporal limitation on the court's authority to treat a Rule 54 motion for attorney's fees as a motion under Rule 59 is that the order must be issued before a party has filed a notice of appeal and before the time to notice an appeal has expired." 775 F.3d 265, 275 (5th Cir. 2014) (citing *Burnley*, 470 F.3d at 200).[7]

Here, the time to appeal after remand expired on March 25, 2020—30 days after entry of the Remand Order. Although Pathway properly moved for an extension under Rule 58(e), the district court exceeded its authority by granting this motion on April 27, 2020—33 days *after* the time to notice an appeal had already expired.

Pathway argues that *Burnley* is inapplicable because the appellant in that case filed its motion to extend after the time to appeal had expired. While it is true that Pathway, unlike the appellant in *Burnley*, filed its motion to extend before the appeal deadline, that fact alone cannot save Pathway.

---

[7] The Second Circuit, in an opinion cited in *Burnley*, and the Seventh Circuit embrace this interpretation. *See Mendes Junior Int'l Co. v. Banco do Brasil*, 215 F.3d 306, 311–15 (2d Cir. 2000) (holding that Rule 58 does not authorize a district court to "revive an expired time to appeal"); *Robinson v. City of Harvey*, 489 F.3d 864, 868–69 (7th Cir. 2007) (following *Mendes*). Pathway cites to no circuits that disagree.

*Burnley* specifies that a district court cannot extend an appeal deadline pursuant to Rule 58(e) after the time to appeal has already lapsed. *Burnley*, 470 F.3d at 199–200; *see also Heck*, 775 F.3d at 275.

3. The district court did not grant Pathway's extension motion for good cause or excusable neglect under Rule 4(a)(5)

Pathway further attempts to sidestep the *Burnley* rule by characterizing its motion as a Federal Rule of Appellate Procedure 4(a)(5) extension motion for excusable neglect or good cause. Rule 4(a)(5), unlike Rule 4(a)(4)(A)(iii) and Rule 58(e), does allow a district court to revive an untimely notice of appeal after the original time to appeal has expired. FED. R. APP. P. 4(a)(5).

Pathway's motion cannot be construed as a Rule 4(a)(5) motion, however. The extension motion cites Rule 58(e) rather than Rule 4(a)(5), and its arguments are relevant only to the former:

> The leave sought by Pathway is sought so that justice may be done and Pathway may avoid including the attorneys [sic] fee issue in its Notice of Appeal if the Court denies MidCap's request for attorneys' fees. It would be more efficient for the parties and the Court to have any additional appellate points presented at one time instead of piecemeal, should either side wish to appeal any aspect of the future ruling on MidCap's second motion for attorneys' fees.

On appeal, Pathway does not present any argument for excusable neglect or good cause within the meaning of Rule 4(a)(5). Nor does the district court's order granting the extension mention Rule 4(a)(5). Although the extension order states that it finds "good cause" for the extension, its cited reason for granting the extension is relevant only to Rules 4(a)(4)(A)(iii) and 58(e): "Pathway requests that the time for filing an appeal be extended until the Court resolves Plaintiff's Second Motion for

No. 20-50259

Attorneys' Fees (Dkt. No. 143), so that only one appeal from the Court's order on remand is necessary." Pathway's motion to extend thus cannot be characterized as a Rule 4(a)(5) motion, and the district court lacked authority to grant it after the time to appeal had expired.

We conclude that neither Pathway nor MidCap timely appealed the remanded Merits Judgment after the district court's Remand Order, and we therefore lack jurisdiction to review it.[8]

### B. Merits Fees Award

We likewise lack jurisdiction to review the Merits Fees Award. Pathway concedes that it failed to appeal this award in the first instance. Resultingly, the Merits Fees Award became final and unappealable in January 2019 and was not a subject of the *MidCap I* appeal or the remand litigation.

### C. Remand Fees Award

Pathway timely appealed the Remand Fees Award on May 22, 11 days after entry of the award, and we thus have jurisdiction to review it. FED. R. APP. P. 4(a)(1)(A).

### III.

Having assured ourselves of our jurisdiction over this facet of the case, we consider Pathway's challenge to the Remand Fees Award. This court reviews a district court's attorney's fees award for abuse of discretion,

---

[8] We acknowledge the potential hardship of being denied an appeal. We add that Pathway's reply brief contrition about missing the deadline to notice its appeal by a day does not appear to have been determinative because, had we reached the merits, we would have held that the district court did not err in concluding that Pathway's performance of the Agreement was not excused and did not abuse its discretion in denying Pathway additional discovery regarding diversity jurisdiction. *Cf. Symbionics v. Ortlieb*, 432 F. App'x 216, 220 n.3 (4th Cir. 2011) (per curiam) (unpublished).

"bearing in mind that court's superior understanding of the litigation and of the costs and fees reasonably incurred in that litigation." *Abner v. Kan. City S. Ry. Co.*, 541 F.3d 372, 378–79 (5th Cir. 2008) (internal quotation marks and citation omitted). We review the factual findings supporting the fee award for clear error and the underlying legal conclusions de novo. *Volk v. Gonzalez*, 262 F.3d 528, 534 (5th Cir. 2001).

Pathway first argues that the district court abused its discretion by granting the Remand Fees Award because MidCap caused the remand litigation by failing to adequately plead its citizenship in the first round of district court litigation. The district court concluded that MidCap was entitled to attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, which provides that the prevailing party on a breach-of-contract claim under Texas law is entitled to recover reasonable attorney's fees. Tex. Civ. Prac. & Rem. Code § 38.001(8). The district court also relied on the express terms of the Agreement, which provides that "[i]f either party commences any action at law or in equity to enforce its rights under the Agreement . . . such party shall be entitled to recover from the other party its legal expenses, including attorneys' fees, in addition to any other relief to which it is otherwise entitled." Pathway does not cite any authority showing that § 38.001(8) of the Texas Civil Practice and Remedies Code or the attorney's fees provision of the Agreement is inapplicable to the remand litigation. MidCap prevailed on its breach-of-contract claim against Pathway and was required to litigate on remand to maintain enforcement of its contractual rights. The remand litigation, although focused entirely on the question of diversity jurisdiction, was part of MidCap's successful breach-of-contract litigation and thus within the scope of § 38.001(8) and the Agreement's fees provision.

The district court further concluded that, while MidCap's pleading deficiency did not warrant denying MidCap any fees on remand, it did justify

a 20% reduction in the award. In support of this conclusion, the district court reasoned that Pathway never recognized nor objected to MidCap's failure to adequately plead diversity of citizenship during the first round of district court litigation. The district court further noted that on appeal, Pathway initially took the position that there was federal jurisdiction. The district court recognized, however, that the burden was on MidCap to plead and prove federal jurisdiction, and that its failure to do so was at least a partial cause of the remand, thereby justifying the 20% reduction.

On appeal, Pathway does not cite any authority showing that the district court erred in its assessment of the relevant facts or in its legal conclusion, but merely states that the district court abused its discretion. The record supports the district court's description of the procedural history, and MidCap fails to point to any authority supporting legal error. The district court thus did not abuse its discretion on this basis.

Pathway next asserts that the award was inappropriate because MidCap ran up its attorney's fees by resisting Pathway's discovery requests. Contrary to this view, the district court concluded that the parties' conduct during jurisdictional discovery instead *supported* MidCap's requested fee award. The district court explained that:

> [I]t began to appear to the Court that Pathway was intending to go to great lengths to find a reason to argue that there was no federal jurisdiction. . . . While the Court noted that Pathway no doubt had the right to conduct reasonable discovery, it appeared that Pathway was trying to "create error" as opposed to discover facts. In a number of subsequent orders, the Court laid out in some detail how [Pathway]'s discovery requests were not reasonably cabined, and how it sought to "turn over every possible stone" in an attempt to render the judgment a nullity. *See generally* Dkt. Nos. 125, 130, 142. This conduct prolonged the remand and substantially increased the costs.

No. 20-50259

A review of the record supports this description, and Pathway does not point to any record excerpts challenging it. The district court did not clearly err in this factual assessment and thus did not abuse its discretion.[9]

IV.

We DISMISS Pathway's appeals of the Merits Judgment, the Merits Fees Award, and the Remand Order, and likewise DISMISS MidCap's cross-appeal of the Merits Judgment for lack of jurisdiction. We AFFIRM the Remand Fees Award.

---

[9] In its reply brief, Pathway introduces the argument that in assessing the reasonability of MidCap's attorneys' rates, "the district court failed to consider that in fee-shifting situations, the standard is the market rates prevailing in the relevant community." Pathway waived this argument by failing to raise it in its opening brief. *Cinel*, 15 F.3d at 1345.