# United States Court of Appeals
## For the First Circuit

No. 23-1429

GORE AND ASSOCIATES MANAGEMENT COMPANY, INC.,

Plaintiff, Appellant,

v.

SLSCO LTD.; HARTFORD FIRE INSURANCE COMPANY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Montecalvo, Thompson, and Aframe,
Circuit Judges.

Veronica Ferraiuoli-Hornedo, with whom Sophia L. Bernard, Taylor Nelson PL, and Estudio Legal Ferraiuoli were on the brief, for appellant.

Salvador J. Antonetti-Stutts, with whom Alfredo F. Ramírez-MacDonald and O'Neill & Borges LLC were on the brief, for appellees.

October 16, 2025

**AFRAME, Circuit Judge.** Gore and Associates Management Company (Gore) filed this suit against SLSCO Ltd. (SLSCO) and Hartford Fire Insurance Company (Hartford) on July 6, 2019, in the United States District Court for the District of Puerto Rico. In the suit, Gore asserted several claims assigned to it from SLSCO's subcontractors -- Earthwrx, LLC, Uniify of Puerto Rico, LLC, and Uniify Strategic Solutions, LLC (collectively, the subcontractors) -- for financial losses the subcontractors allegedly sustained after SLSCO and its surety, Hartford, failed to pay them for work related to rebuilding projects in Puerto Rico and the Virgin Islands after Hurricane Maria.

The complaint sought relief, in part, based on the subcontractors' status as claimants under bonds between SLSCO and Hartford for the rebuilding projects. Gore asserted that the federal district court had subject matter jurisdiction over the case because Gore was completely diverse from the defendants and the amount in controversy exceeded $75,000. 28 U.S.C. § 1332(a). The case came to us when Gore appealed from a district court order staying the federal case until after Gore had pursued certain remedies in the local courts for Puerto Rico and the Virgin Islands.

Neither SLSCO nor Hartford questioned the existence of subject matter jurisdiction during the years that passed between Gore's filing of the complaint and the parties' arguments before

us in October 2024. Nevertheless, "[b]ecause federal courts are powerless to act in the absence of subject matter jurisdiction, we have an unflagging obligation to notice jurisdictional defects and to pursue them on our own initiative." Espinal-Domínguez v. Puerto Rico, 352 F.3d 490, 495 (1st Cir. 2003). This obligation requires us to determine whether there is, in fact, diversity jurisdiction, even when the parties agree that there is. See Díaz-Rodríguez v. Pep Boys Corp., 410 F.3d 56, 58-59 (1st Cir. 2005).

"Diversity jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005). On the surface, that requirement seems satisfied here because Gore is diverse from the defendants. But there is a deeper problem because Gore brought this case based on the claim assignments it received from the subcontractors.

Congress perceived the potential for a non-diverse plaintiff to manufacture diversity jurisdiction by assigning its claims to a diverse party that could then avail itself of an otherwise unavailable federal forum. See McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004). To guard against that situation, Congress passed a law providing that "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made . . . to invoke the jurisdiction of such court." 28

- 3 -

U.S.C. § 1359. This statute "impels a federal court, when confronted with suspicious circumstances, to make every effort to determine whether a party has been insinuated into an action in order to allow the litigants artificially to invoke the court's jurisdiction." McCulloch, 364 F.3d at 5. We face such a circumstance here insofar as the assignments to Gore suggest that the subcontractors may retain some financial interest in the outcome of the action. See id.

The problem contemplated by section 1359 arises, however, only when the assignment has "the effect of creating federal jurisdiction." Id. at 6. Thus, if the complaint had adequately alleged that the subcontractors were completely diverse from the defendants, we would have been satisfied that federal jurisdiction existed under section 1332(a) because the subcontractors themselves "could have sued in federal court." Steele v. Hartford Fire Ins. Co., 788 F.2d 441, 445 (7th Cir. 1986). But Gore's complaint omitted any description of the subcontractors' citizenship.

After recognizing this possible jurisdictional problem, we requested that the parties provide information to us about the subcontractors' citizenship.[1] We concluded that the materials

---

[1] Because the subcontractors were each limited liability corporations, each subcontractor's citizenship is based on the citizenship of all its members when the case commenced. Berkley

- 4 -

subsequently provided were insufficient to resolve the problem. So, on April 22, 2025, we remanded the case for the district court to conduct jurisdictional factfinding. See Halleran v. Hoffman, 966 F.2d 45, 47 (1st Cir. 1992) ("[W]here the record on appeal does not contain facts supporting jurisdiction, a court of appeals must, at a minimum, remand for inquiry into jurisdictional facts.").

In our remand order, we tasked the district court with determining whether the subcontractors were completely diverse from the defendants. If the district court found that they were not, we further tasked it with determining whether the assignments to Gore were a collusive attempt to manufacture diversity jurisdiction. We requested a report from the district court on August 4, 2025, and allowed the parties ten days from the district court's report to file objections in this Court. The parties later filed a motion to extend the deadline for the district court's report to September 12, 2025, which we granted.

The district court's report explained that the parties had agreed to participate in discovery, including depositions if necessary, and that "neither party requested an evidentiary hearing to resolve the pending jurisdictional issue, opting instead to resolve the matter solely on their paper submissions."

Nat'l Ins. Co. v. Atl.-Newport Realty LLC, 93 F.4th 543, 549 (1st Cir. 2024).

Based on those submissions, the district court concluded that Gore had failed to present sufficient evidence to assess the citizenship of the subcontractors or the motive behind the assignments.

These conclusions are fatal to Gore's federal suit. As the party seeking to invoke diversity jurisdiction, Gore bore the burden to demonstrate "the validity of the assignment[s] for jurisdictional purposes." McCulloch, 364 F.3d at 6. The district court's conclusions indicate that Gore neither demonstrated that the subcontractors were completely diverse from the defendants when the suit commenced nor demonstrated that there was some other non-collusive reason for the subcontractor assignments to Gore. Thus, Gore did not meet its burden to establish diversity jurisdiction.

Gore does not challenge the district court's characterization of the record before it as insufficient to demonstrate either complete diversity between the subcontractors and the defendants or the non-collusiveness of the assignments. That should end the matter. But Gore makes one final effort to avoid responsibility for the inadequate record by attempting to blame the district court. It contends that "the jurisdictional inquiry was not sufficiently thorough[,] and the [d]istrict [c]ourt was surely not in a well[-]informed position to make any conclusions of law regarding subject matter jurisdiction." Thus,

Gore asks this Court for another remand to allow more time for discovery and for an evidentiary hearing.

We disagree. Gore had from April 2025 through September 2025 to establish jurisdiction. The parties sought a single extension of the remand period, which was granted, and Gore did not ask for additional time before the district court ruled. Gore also did not seek an evidentiary hearing; in fact, it agreed that the district court could resolve the jurisdictional inquiry on the papers. Gore cannot now complain about its own approach to litigating the jurisdictional remand merely because that approach proved unsuccessful. Cf. Valentín v. Hosp. Bella Vista, 254 F.3d 358, 364-65 (1st Cir. 2001) (concluding that a party was estopped from complaining about the district court's failure to hold an evidentiary hearing to establish jurisdictional facts where the party received discovery and urged the district court not to hold a hearing).

The district court diligently handled the jurisdictional remand in this case. It held status conferences with the parties on how to handle the remand proceedings and issued a thorough order at the conclusion of those proceedings. Gore, which alone bore the burden of establishing jurisdiction, has only itself to blame for failing to create an adequate record to meet this obligation.

For these reasons, we remand with instructions that the district court **dismiss** Gore's complaint for a lack of subject matter jurisdiction.  Costs are awarded to the appellees.

**So ordered**.